CORN PRODUCTS REFINING COMPANY, RESPONDENT, v. ANNA B. FASOLA, TRADING AS A. B. FASOLA & COMPANY, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

Where a vendor contracts to deliver goods and allows the buyer credit for a term agreed upon, and by the same writing reserves the right to withdraw the credit and demand cash payment or security before the shipment of the goods if the financial responsibility of the buyer becomes unsatisfactory to the seller, the question of the satisfaction of the seller with the buyer's financial responsibility is to be settled by the seller before he parts with his goods, but there must be a real want of satisfaction with the buyer's financial responsibility, and the refusal to ship without payment or security must be based on that reason alone.

On appeal from the Supreme Court.

For the appellant, *Benjamin J. Darling.*

For the respondent, *Charles Hershenstein.*

The opinion of the court was delivered by

BERGEN, J. September 10th, 1918, the plaintiff and defendant entered into a written contract by the terms of which the plaintiff agreed to sell to the defendant "Five hundred cases No. 5 Mazola," to be delivered within sixty days after delivery order. The terms of payment were thirty days net, or two per cent. discount for cash if payment was received by the seller within ten days from date of invoice, subject, however, to the following stipulation: "If at any time before shipment the financial responsibility of the buyer becomes impaired, or unsatisfactory to the seller, cash payment or satisfactory security may be required by the seller before shipment."

Under this agreement the plaintiff shipped to the defendant two hundred of the cases contracted for, and dated the in-

voice November 12th, 1918, so that payment therefore did
not mature, under the contract, until December 12th, 1918.
The shipments were made in two lots of one hundred cases
each, but the invoices were both dated November, 1918. The
defendant, on the 26th day of November, 1918, requested the
delivery of the balance of the cases contracted for which the
plaintiff refused to honor, and the defendant, claiming a
breach of contract, refused to pay for the cases delivered,
whereupon the plaintiff brought suit and recovered a judg-
ment for the delivered goods at the contract rate, the court
directing the jury to return a verdict for the plaintiff, which
is one of the errors alleged in support of this appeal. The
facts on this branch of the case are not in dispute and they
are: that the plaintiff had been doing business for some time
with the defendant, limiting the credit to $3,000; that to com-
ply with the order would extend the credit to about $9,000;
that it had been the practice of the defendant to generally dis-
count her bills within ten days to the extent at least of sev-
enty-five per cent. of her purchases, and that this had not
been done in the present case when the request was made that
plaintiff ship the residue of the cases contracted for. The trial
court held that under this contract the seller had a right to
require cash payment or security before further shipment if
the financial responsibility of the buyer had become unsatis-
factory to the seller, and that the undisputed facts showed a
sufficient basis to sustain a want of satisfaction with the finan-
cial responsibility of the buyer, and to justify the seller in ex-
ercising the option reserved in the contract. The willingness
of a seller to extend credit upon being satisfied with the finan-
cial responsibility of the buyer must, to a large extent, be
committed to the judgment of the seller, and when parties
contract that if the responsibility of the buyer becomes un-
satisfactory to the seller the latter may require cash payment
or satisfactory security before delivery of the goods contracted
for, the vendor is entitled to the benefit of his contract and,
if for any reason, not pretended or unreal, he becomes dissat-
isfied with the financial responsibility of his debtor, he may
invoke his contract and refuse to ship until secured according

to the terms of the agreement. In *Gwynne* v. *Hilchner & Yerkes,* 66 *N. J. L.* 97, it was held that under a contract by a workman to perform his work in a manner satisfactory to his employers the latter had a right to judge for themselves whether his work was satisfactory, and that it was error to leave to the jury the question whether they ought to have been satisfied. The opinion was written for the Supreme Court by Mr. Justice Van Syckel, citing a large number of cases. This case was referred to with approval by Judge Adams in his opinion for this court in *Gwynne* v. *Hilchner & Yerkes,* 67 *Id.* 654, in which case it was held that it must appear, in defence of an action by a discharged employe for want of satisfactory work, that the employer was in fact dissatisfied, and that that was the basis for the discharge. In the instant case the testimony is undisputed that the refusal by the plaintiff to make further shipment was because they had become dissatisfied with the financial responsibility of the buyer, and not for any other reason. It appears in the case that they were perfectly willing to ship the goods upon payment or security, so there was no jury question open on that subject. That the sellers had become dissatisfied with the financial responsibility of their buyer clearly appears, and if they were required to give any reason, those they gave were not unreal or pretended, but sufficient to answer the terms of the contract.

Where a vendor contracts to deliver goods and allows the buyer credit for a term agreed upon, and by the same writing reserves the right to withdraw the credit and demand cash payment or security before the shipment of the goods if the financial responsibility of the buyer becomes unsatisfactory to the seller, the question of the satisfaction of the seller with the buyer's financial responsibility is to be settled by the seller before he parts with his goods, but there must be a real want of satisfaction with the buyer's financial responsibility, and the refusal to ship without payment or security must be based on that reason alone.

If the evidence shows a disputed question whether the seller was in fact dissatisfied or not a jury question is presented.

Not whether the seller ought to be satisfied, but whether he was dissatisfied, and acted as he did for that reason. *Gwynne v. Hitchner & Yerkes, supra.* This result makes it unnecessary to consider defendant's counter-claim. The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ.    15.

*For reversal*—None.