**WYANT v. CRITTENDEN.**

*No. 7307.*

United States Court of Appeals for the District of Columbia.

Decided April 29, 1940.

Claude Wyant, of Chicago, Ill., pro se.
Frank F. Nesbit and Charles E. Pledger, Jr., both of Washington, D. C., for appellee.

Before STEPHENS, VINSON, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The appeal is from a summary judgment for defendant, which plaintiff says was granted improperly in view of the state of the pleadings.

The suit, begun October 23, 1934, was against trustees and a corporation for discovery, accounting and payment of the proceeds of a foreclosure sale of property under a trust deed executed by plaintiff in August, 1930. Alias summonses served on the corporation and one of the trustees, Hill, were vacated by order of court, and the other trustee, Crittenden, is the only remaining defendant. His motion for vacation of summons was denied, but the court later granted his motion for summary judgment. Plaintiff says this was erroneous because a "genuine issue as to material fact" Federal Rules of Civil Procedure, Rule 56 (c), was presented by the pleadings and was undetermined at the time of judgment. We think the court erred in granting the motion.

The complaint alleged that on August 5, 1930, plaintiff borrowed money, giving for it his note for $1,485, secured by a second trust deed on the property in which Hill and Crittenden were trustees; that they foreclosed August 4, 1931, selling the property for $1,860 above a first trust of $6,000, and, after paying expenses, held a surplus from the proceeds of the sale which they refused to account for or pay over to plaintiff; that he sued them for such accounting in Municipal Court in 1932, but the suit was dismissed for want of jurisdiction; and that he had negotiated with them for a settlement without success. He prayed for a discovery, accounting, payment and "other and further relief."

Following disposition of the motions to vacate and on October 17, 1938, defendant filed his motion to dismiss the bill for failure to state a claim against him and for summary judgment under Rule 56. The motion was supported by an affidavit of the cotrustee, Hill. This set forth the foreclosure; that the trust deed authorized payment of proper charges and expenses of sale and of the remainder of the proceeds to the grantor in trust or his assigns; that prior to foreclosure plaintiff had assigned his interest in the proceeds of the sale and had conveyed the property to one Abbaticchio, who was the record owner at the date of the sale and entitled to receive an unexpended balance of $17.49 which remained according to an itemized statement included in the affidavit.

Plaintiff filed his affidavit in opposition to the motion stating, among other things, that he had conveyed the property to Abbaticchio "for convenience; that she held same in fee simple for my benefit only; and that on or about August 4, 1932, for a valuable consideration, she assigned to me all her right, title and interest in and to her claim vs. defendant"; and charging that Hill's affidavit was "misleading" as to the amount of the surplus remaining. He also asked for permission (in effect filed his motion) to file an amended bill, presumably for the purpose of showing the reassignment from Abbaticchio to himself.

In this condition of the record, the court heard and granted defendant's motion November 7, 1938. It appears that the court considered, in addition to the affidavits, the pleadings in a Municipal Court action of August 6, 1932, between one Hunter and the defendants Hill and Crittenden, in which Hunter claimed to be assignee of Abbaticchio of the claim here in suit. The Hunter action was dismissed for want of jurisdiction, and apparently is the same suit as that which plaintiff alleges in his bill to have been brought by himself against the defendants in the Municipal Court in 1932. The order for judgment herein purports to be made pursuant to Rule 56, which provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is *no genuine issue as to any material fact* and that the moving party is entitled to a judgment *as a matter of law.*" (Italics supplied) It does not appear whether the order was entered because the court thought plaintiff had failed entirely in stating a claim against defendant or that there was "no genuine issue as to any material fact"

between them.[1] In either event, the court's action was erroneous.

■ The complaint stated a cause of action. The allegations were not made with technical nicety, but they set forth the essential elements of a valid claim. The bill alleged the trusteeship, the violation of the trustee's duty to account, and prayed for appropriate relief. It did not allege in haec verba that plaintiff was the owner of the property at the time of the foreclosure or that he was the owner of the claim against the defendants for breach of their trust at the time of suit, whether by reassignment from Abbaticchio or as a consequence of his having been owner of the property when it was foreclosed. But other allegations of the bill imply that plaintiff was the owner of the claim when he sued, in one manner or the other, so clearly that no one could mistake the meaning of the bill or be misled by the absence of specific assertion of matter so clearly implied. Whether his ownership of the claim was derived in one way or the other was a matter more largely of proof than of pleading. The important fact was that he owned the claim, and it was alleged sufficiently in the bill. The complaint therefore was good from the beginning as against objection in the nature of a demurrer or motion to dismiss for failure to state a claim.

That being true, it was error also for the court to grant the motion for summary judgment. The affidavits filed in support of and in opposition to the motion disclose either that there existed at that time a genuine issue of material fact between the parties as to plaintiff's ownership of the claim, in which event the motion should not have been granted; or that the parties were in agreement concerning the material facts, but the court erroneously accepted the defendant's view that they were insufficient as a matter of law to show ownership of the claim in the plaintiff.

Defendant did not deny that there was a surplus remaining from the proceeds of the foreclosure for which he remains accountable; but, in effect, undertook to show that plaintiff is not the person entitled to the accounting. This he attempted to do by showing through the affidavit of Hill that plaintiff had assigned to Abbaticchio his interest and right to receive the surplus and had conveyed the property to her prior to the foreclosure; that she was the record owner of the property at the time of the sale, and "the party entitled to the balance of $17.49" alleged to constitute the surplus. No other basis for resisting plaintiff's claim was set forth. Without more, of course, this showing in effect could have been construed as a denial of the fact that the plaintiff was the owner of the claim alleged in the complaint at the time of suit and an assertion that Abbaticchio was such owner and the person entitled to the accounting.

■■ But there was more. Plaintiff by his affidavit in opposition to the motion admitted having conveyed the property to Abbaticchio prior to the foreclosure and that she held the legal title of record at its date; but he swore that she held it at all times in trust for him, and not on her own account as beneficial owner. He further set forth that on August 4, 1932, she had assigned her claim against the defendant for any surplus back to the plaintiff, an allegation entirely consistent with his assertion that she held the property as trustee for him. It was incumbent upon the court to take account of all of the facts and allegations stated in both of the affidavits, not merely of those set forth by defendant. If this is done, it is apparent that there was either a genuine and basic issue of fact between the parties as to whether plaintiff or Abbaticchio was the owner of the claim at the time of suit, so as to be entitled to maintain it; or one of law as to the suffi-

---

[1] Defendant's motion was as follows:

"The defendant Crittenden moves the court as follows:

"1. To dismiss the action because the bill fails to state a claim against the defendant Crittenden upon which relief can be granted.

"2. To enter a summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure. The affidavit of William K. Hill is attached hereto and made a part hereof."

The court's order for judgment was in the following terms:

"Upon consideration of the motion of the defendant Crittenden for judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure and of the affidavit of W. K. Hill filed in support thereof, and of the argument of Claude Wyant pro se, and of counsel for defendant Crittenden, it is by the Court this 7th day of November, 1938,

"ORDERED that judgment be entered in favor of the defendant Crittenden against the plaintiff."

ciency of undisputed facts to constitute ownership in the plaintiff sufficient for that purpose.

■ Whether it was the one or the other depends upon how the affidavits, taken together, are to be construed. If their combined effect is to be taken as meaning that plaintiff asserted and defendant denied that Abbaticchio in fact had reassigned the claim to the plaintiff before the present suit was instituted, obviously the issue was genuine, material and factual. Defendant did not in terms deny that the reassignment had been made, but he maintained that Abbaticchio "was the party entitled to the balance" and that can be taken to mean either that the reassignment did not take place, as plaintiff claimed, or that if it did occur it was not effective, for some reason of law, to vest ownership of the claim in the plaintiff so as to enable him to sue. In the former case, the issue would be one of fact; in the latter, one of law. In either event, the motion should not have been granted. If the issue was of fact, it was one for determination by a jury at trial, not by the court on the motion. If it was of law, no valid reason has been shown for holding the reassignment ineffective.

■ Apart from the effects of the assignment, a question would be presented whether equitable ownership of the property by the plaintiff at the time of foreclosure and of the claim thereafter would be a sufficient basis for plaintiff's suit.[2] Assuming without deciding that it would be so, the issue whether Abbaticchio held the record title to the property as trustee for the plaintiff or in fact also as beneficial owner, was one of fact for a jury's determination.[3] But until the issue concerning the assignment is determined, whether it be one of fact or one of law, we are not required to decide whether equitable ownership standing alone would be sufficient.

■ ■ Defendant's theory apparently was that plaintiff's right to sue would be defeated by showing that another was the record owner of the title to the property at the time of foreclosure, regardless of subsequent reassignment of the claim by the record owner to plaintiff and regardless also of any claim which might be made that plaintiff was the equitable owner of the property and of the claim at all times. Apparently that was the view taken by the trial court. Obviously such a view is untenable. Whether Abbaticchio held title to the property legally and beneficially or merely as trustee for plaintiff, the fact that she held it is immaterial, if she made a valid assignment of the claim to the plaintiff before he instituted suit. He asserts that she did so. He is entitled to prove that she did so, under the broad allegation of ownership of the claim made in his bill. If defendant denies that Abbaticchio made the assignment, a genuine issue of material fact exists and should be tried on answer making the denial, not on motion to dismiss. If defendant does not deny that the assignment was made, in the absence of any showing that it was invalid or for any reason ineffective to vest or reinvest title to the claim in plaintiff, it was clearly error to grant the motion. The law is the other way. Plaintiff is entitled to prove the assignment and, if he can do so, to put the defendant to whatever other defense he may have to make.

■ This relieves us of the necessity for disposing of other questions raised on the appeal, including whether the clerk improperly refused to permit plaintiff to file an amended bill or the court acted erroneously when, in effect, it denied his motion for leave to amend; whether it was proper to consider the proceedings in the Municipal Court at the hearing on the motion;[4] whether, without reference to the alleged

---

[2] Cf. Federal Rules of Civil Procedure, Rule 17(a) 28 U.S.C.A. following section 723c; 2 Moore, Federal Practice (1938) §§ 17.06 ff.; Board of Supervisors v. Prince Edward-Lunenburg Co. Bank, 1924, 138 Va. 333, 121 S.E. 903, 37 A.L. R. 604.

[3] The deed by which plaintiff conveyed the property to Abbaticchio on its face was a warranty deed. But it is elementary that such an instrument may be shown to have been upon trust for the grantor or by way of mortgage, and not as a conveyance of the beneficial inter-

est. Cf. 1 Scott, Trusts (1939) 228, note 8; id. § 44.3.

[4] Plaintiff claims, apparently, that both Abbaticchio and Hunter, the nominal plaintiff in the Municipal Court suit, were acting on his behalf, the former as trustee or holder of the legal title to the property for his benefit, the latter as his (or Abbaticchio's) assignee of the claim against defendant for collection. The reassignments in his favor are matters proper to be shown in proof to support his general allegation of ownership of the claim. On this record we need not de-

reassignment of the claim by Abbaticchio to plaintiff, he could maintain the suit by showing that she held legal title to the property as trustee for him and not as beneficial owner;[5] and, in connection with plaintiff's efforts to amend the bill, whether the motion to dismiss the suit and for summary judgment was a "responsive pleading" within the meaning of Rule 15(a) of the Federal Rules of Civil Procedure.[6] In connection with the matter of amendments, however, we may call attention to the injunction of Rule 15(a) that such leave "shall be freely given when justice so requires." Observance of the injunction would appear to be particularly appropriate when the party seeking to amend is permitted to proceed in forma pauperis and, because of his circumstances, does so without benefit of counsel.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

termine whether the assignments to Abbaticchio and Hunter, under the circumstances as claimed by plaintiff, would deprive him of his right to sue prior to reassignment. His claim is that reassignments were made before the suit was begun. Cf. Heiskell v. Mozie, 1936, 65 App. D.C. 255, 82 F.2d 861. Defendant was entitled to prove that another owned the claim in suit, but not to defeat plaintiff's claim by showing merely that at some time prior to suit it had stood in another's name, in the face of proof by plaintiff that he owned it when suit was instituted.

If Hunter actually was suing on plaintiff's account, whether properly so or not, that fact goes to sustain the allegation in plaintiff's bill that he, plaintiff, sued the defendant in Municipal Court in 1932 and the suit was dismissed for want of jurisdiction, and does not contradict evidentially plaintiff's equitable ownership of the claim at that time. If Hunter was not suing on plaintiff's account, but was doing so on his own, that suit was not one to which plaintiff in any manner was party or privy and would seem to have no bearing on plaintiff's rights presently in issue.

5 Cf. note 2 supra.

6 Cf. Picture Plays Theater Co. v. Williams, 1918, 75 Fla. 556, 78 So. 674, 1 A.L.R. 1; see also Clark v. Harmer, 1896, 9 App.D.C. 1; 1 Moore, Federal Practice (1938) 805, 806; Federal Rules of Civil Procedure, Rule 12(a, b, e, f).