RAYMOND CARHART, PLAINTIFF-APPELLANT, v. LOUIS LAPETINA AND ELIZABETH LAPETINA, HIS WIFE, DEFENDANTS-RESPONDENTS.

Submitted May 4, 1948—Decided August 30, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the plaintiff-appellant, *Adolph Stern* (*Philip L. Lipman*, of counsel).

For the defendants-respondents, *M. Joseph Greenblatt*.

The opinion of the court was delivered by

COLIE, J. This appeal is from a judgment of no cause for action entered in the Cumberland County Court of Com-

mon Pleas as a result of a motion under rule 40 of the Supreme Court.

Raymond Carhart brought suit against the defendants, alleging that he was engaged, in August, 1943, to make alterations and additions to the defendants' premises on a cost plus basis, and that the cost of materials and labor amounted to $5,234.64, on account of which the defendants paid $2,500, leaving a balance due and unpaid of $2,734.64. The defendants answered, setting up special defenses, among which was that the contract was illegal in that it violated the laws of the United States, the executive orders of the President of the United States and the orders of the War Production Board arising out of "The Second War Powers Act." The court below stated the question at issue as follows: "Is the plaintiff's suit based on an illegal contract entered into between the parties so that the court will not lend its assistance in enforcing it or any supposed rights growing out of it?" It then answered that question in the affirmative. With this action we are in accord.

Section 633, title 50 of the U. S. Code, *U. S. C. A.*, commonly known as "The Second War Powers Act" was in force on the date when the agreement sued upon was made. It provided in part that "Whenever the President is satisfied that the fulfillment of requirements for the defense of the United States will result in a shortage in the supply of any material or of any facilities for defense * * *, the President may allocate such material or facilities in such manner, upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national defense. * * * The President may exercise any power, authority, or discretion conferred on him by this sub-section (a), through such department, agency, or officer of the Government as he may direct and in conformity with any rules or regulations which he may prescribe." Pursuant to the authority vested in him, the President signed order No. 9024, vesting in the chairman of the War Production Board, the right to issue such directives in respect to war procurement and production as the chairman of the War Production Board might deem necessary or appropriate, and the chairman of

the War Production Board in turn issued directive L-41 which provided, in part, as follows: "No person shall begin construction, carry on any construction begun in violation of any order in the L-41 series, cause such construction to be begun or carried on or participate in such construction, or order, purchase, accept delivery of, withdraw from inventory or in any other manner secure or use material for such purposes." L-41 further prohibited residential construction in which the estimated cost was more than $200.

The act of Congress, the executive order of the President and the directive of the War Labor Board established the public policy of the country and of the State of New Jersey with respect to the subject-matter of the suit, and it is obvious that the work to be performed under the alleged contract violated that public policy. In *Hope* v. *Linden Park Association*, 58 *N. J. L.* 627, this court tersely stated the rule to be that if "* * * the cause of action appears to arise *ex turpi causa,* or a transgression of a positive law of this country, there the court says he has no right to be assisted." The same rule is to be found in the *Restatement of the Law of Contracts,* § 598. That rule reads: "A party to an illegal bargain can neither recover damages for breach thereof nor, by rescinding the bargain, recover the performance that he has rendered thereunder or its value, except as stated in sections 599–609." The exceptions referred to are not applicable to the instant case. Further authority to the same effect will be found in 12 *Am. Jur.,* §§ 158 and 159.

For the reasons stated, the judgment under review is affirmed, with costs.