**ANDREWS et al. v. HEINZMAN et al.**

Civil Action No. 740.

United States District Court
D. Nebraska, Lincoln Division.

Feb. 1, 1949.

See also 8 F.R.D. 48.

---

[2] Trimble v. Erie Electric Motor Co., C.C.W.D.Pa., 89 F. 51.

[3] Morris v. Bender, 317 Pa. 533, 177 A. 776.

Ray M. Higgins, of Grand Island, Neb., and Robert H. Wallis, of Long Beach, Cal., for plaintiffs.

Harold A. Prince, of Grand Island, Neb., for defendants.

DELEHANT, District Judge.

A motion, under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., for a summary judgment of dismissal of this action in its entirety or for the limitation of the issues to be tried in it has been made by the defendants and exhaustively argued and briefed by counsel for the respective parties. But, since the court's conclusion upon it is such that trial in the ordinary manner must be had in respect of a portion of the property at which the complaint is directed, prudence counsels present silence upon much of the material which has been presented to and considered by the court upon the motion. It is inappropriate that a preliminary position be formally expressed upon any matter remaining for trial. Such an expression might easily condition the manner of the final presentation of that matter; and, lacking finality, it might, with equal likelihood, have to be modified or abandoned upon the final determination of the case.

Two items in respect of which recovery is prayed in the complaint seem no longer to be insisted upon.

In the penultimate paragraph of their typewritten brief upon this motion, the plaintiffs realistically say that "while plaintiffs do not claim any part of the land itself," they do consider that a lien ought to be fastened upon it for the security of any amount adjudged payable to them in respect of their claim to personal property items. That disclaimer of any interest in the real estate, despite allegations and a prayer to the contrary in the complaint, rests upon the fact that such evidence as has been assembled through sundry discovery procedures points almost inescapably to the conclusion that the land was deliberately and validly conveyed some twenty years ago to the defendant Scott Earl Heinzman, subject only to a life estate in Fred Heinzman, Jr., which was terminated by his death. Of course, that dis-

claimer, and comparable statements made by plaintiffs' counsel in oral argument, are no part of the formal record in the case. So, the court is not inclined to grant a summary judgment in the defendants' behalf at this time in respect of the land. But the denial generally of the motion must be understood as having this limitation, that in respect of the land itself, no further contention will be made upon the final trial of the case that either plaintiff is entitled to any share of, or interest in, it, and the defendants will not be required to defend the title to it of the defendant Scott Earl Heinzman, unless, within ten days from the date hereof, the plaintiffs shall serve upon counsel for the defendants and file herein written notice declaring their withdrawal of the disclaimer already noted and also their intention to persist in the demand of their complaint for shares in the land. If the land alone were involved in this action, the court would now make an order calculated to bring the disclaimer into the formal record, and thereupon would enter a summary judgment dispositive of the case. But, since other property is involved, orders to that end seem not to be required.

Secondly, it is obvious, and upon oral argument counsel for the plaintiffs agreed, that the disclaimer in respect of the real estate is equally operative in respect of any claim based upon rentals accruing after March 1, 1947, the date of the death of Fred Heinzman, Jr. His right, if any, to rents certainly terminated, if the deed was valid, at the date of his death. Accordingly, the limitation upon the denial of the motion already suggested in respect of the land itself, must be understood to be applicable to any claim for rentals for its use and occupation accruing from and after March 1, 1947.

A third issue, so called, is the contention made upon information and belief in the second count of the complaint that Fred Heinzman, Jr., actually died testate, as the foundation for a demand that the defendants produce his alleged will, whose existence, now or at any time, they deny. But, as the court has already undertaken, in its memorandum opinion upon the mo-

tion to dismiss, to make clear, that assertion presents an evidentiary, rather than a basic, claim. Upon it no summary judgment appears to be appropriate, if indeed, any judgment of this court could ever be proper. It may be remarked, however, that the record, up to this point, and the evidence preserved in it, including that presented upon the plaintiff's demand, seem factually to repel any inference of testacy in respect of Fred Heinzman, Jr.

There remains the claim of the plaintiffs that they are entitled in equal shares to all personal property of Fred Heinzman, Jr., remaining at his death, which, they insist, includes (a) some United States Government bonds or the proceeds of their conversion into cash; (b) cash or bank deposits, if any; (c) rentals payable, but not paid by the defendant Scott Earl Heinzman to Fred Heinzman, Jr., prior to March 1, 1947; (d) money, if any, loaned by Fred Heinzman, Jr., to the defendant Scott Earl Heinzman and unpaid at the former's death; and (e) generally, any other personal property.

The foundation of their claim to that personal property, inexactly defined in their complaint, appears to emerge out of the exploratory proceedings had in the case, and, to be their contention that a trust of it was created by Fred Heinzman, Jr., in his lifetime for the benefit of the plaintiffs in equal shares, in consequence of which Scott Earl Heinzman was to enter on his father's death into the full and unreserved enjoyment of the real estate theretofore given him, subject to the father's life estate, and, as trustee to hold, and to account to the plaintiffs for, all personal property of their father. The defendants deny that any such trust was ever erected or ever existed.

The court's imperative and primary duty is to inquire whether the case is one which, in the present state of its record, warrants the entry of a summary judgment. The plaintiffs have not made demand for such judgment in their favor and resist the defendants' demand.

By Rule 56(c), it is provided, among other things, that "the judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In default of such a situation, summary judgment must be denied and the parties remitted to trial of their controversy in the usual manner. The burden of establishing the requisite foundation for a summary judgment rests upon the moving party or parties; and doubts in respect thereto are to be resolved negatively. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318, 322; Wyant v. Crittenden, 72 App.D.C. 163, 113 F.2d 170; Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209; Fishman v. Teter, 7 Cir., 133 F.2d 222; McElwain v. Wickwire Spencer Steel Co., 2 Cir., 126 F.2d 210; Weisser v. Mursam Shoe Corporation, 2 Cir., 127 F.2d 344, 145 A.L.R. 467; Standard Rolling Mills v. National Mineral Co., D.C.N.Y., 2 F.R.D. 236; Nye v. Mutual Benefit Life Ins. Co., D.C.N.Y., 3 F.R.D. 308; Electrical Fittings Corporation v. Thomas & Betts Co., D.C. N.J., 3 F.R.D. 256. The task of the court to which a motion for summary judgment is addressed is to ascertain whether any real factual question remains in the case, not to try such a question if it be discerned.

Measuring its course by that test, this court is unable now to deny the existence of any real factual question respecting the alleged trust in the personal property of Fred Heinzman, Jr., if any, remaining at the time of his death. The defendants contend that all possible evidence for the plaintiffs upon the issue is already before the court and is wholly inadequate to support the claim. But the court may not follow them to that extremity.

In the first place, the plaintiffs were not obliged either to tender upon this hearing all of their evidence upon their case or to confess their inability to submit more than is now offered. Neither Rule 56 by its own force, nor any order of court in furtherance of it, required such tender or confession. Secondly, a search of the voluminous material in the record, in consequence of interrogatories, depositions, pre-

trial conference and the like, reveals no absolute barrier to their presentation by trial time of further evidence in their behalf.

■ The court, therefore, recognizing the issue in the pleadings, can not and does not conclude that no further competent evidence, supportive of their claim to their father's personalty may be presented by the plaintiffs in the way either of written material, or of oral testimony by themselves or one of them, by the defendants or either of them testifying for themselves or called adversely, or by disinterested witnesses. It is true that tendered items of evidence, whether now offered or hereafter to be presented, must be tested separately for competency and relevancy and also that the record already before the court allows a possible inference that all available evidentiary matter in support of the plaintiffs' position has now been produced. But it does not compel an ultimate conclusion to the latter effect. If the parties desire the court to reach and act upon such a conclusion, they may so indicate by a stipulation for submission in a trial upon the final merits of the case, either with or without additional testimony by or for the defendants.

Accordingly, the motion is being denied, but with the explicit limitation already announced in respect of the plaintiffs' claim to any shares or interests in the real estate or the rents therefrom payable from and after March 1, 1947.