**REYNOLDS METALS CO. v. METALS DISINTEGRATING CO., Inc.**

**No. 9840.**

United States Court of Appeals Third Circuit.

Argued March 25, 1949.

Decided June 27, 1949.

Raymond F. Adams, New York City
(Augustus C. Studer, Jr., McCarter,
English & Studer, Newark, N. J., Curt
Von Boetticher, Jr., New York City, on
the brief), for appellant.

James D. Carpenter, Jersey City, N. J.
(Carpenter, Gilmour & Dwyer, Jersey
City, N. J., on the brief), for appellee.

Before MARIS, O'CONNELL and
KALODNER, Circuit Judges.

O'CONNELL, Circuit Judge.

The instant complaint seeks reformation of a license agreement between plaintiff ("Reynolds") and defendant ("Metals Disintegrating") and the refund to Reynolds of certain royalty payments made in connection therewith to Metals Disintegrating. After extensive and prolonged pre-trial proceedings at which all the available information was stated to have been adduced, the court below granted the motion of Metals Disintegrating to dismiss the complaint as legally insufficient. D.C.N.J.1948, 8 F.R.D. 349. Both litigants have expressed the desire that the record on this appeal be treated as though it had been made at trial rather than in the preparatory stages of the case.

■ Diversity of citizenship being the basis of federal jurisdiction here, we refer to the law of New Jersey wherever applicable. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The pertinent facts may be briefly summarized. In 1934, Reynolds began the installation of a ball mill for the manufacture of flake aluminum powder and paste. This activity led Metals Disintegrating, holder of patents involving like products, to file in 1938 a suit charging patent infringement. Negotiations ensued, during the course of which several drafts of licenses were presented for the consideration of Reynolds. That to which Reynolds eventually agreed, in 1939, included provisions purporting to fix the price and limit the sublicensing of dry aluminum bronze powder, which was unpatented.

In 1946, Reynolds advised Metals Disintegrating that this price-fixing attempt was apparently in violation of the antitrust laws. Metals Disintegrating thereupon offered an amendment calculated to cure that defect. Rejecting the proposed change because there was no allowance made for rebate of what Reynolds deemed to have been improperly paid royalties, Reynolds filed the complaint at bar.

The district judge, after candidly noting his disagreement with the views we expressed in Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580, nevertheless decided in conformance with that opinion, and refused to strike the instant complaint as sham. He further found, however, that the contract was not severable and that the illegality of that price-fixing provision permeated the contract as a whole, and also that neither contracting party could obtain equitable relief because both were in pari delicto. He thereupon ordered judgment in favor of Metals Disintegrating.

■ The comments of the learned district judge directed to the advantages of permitting a "speaking motion," whereby a litigant might obtain the involuntary deletion of an allegation by his opponent through the medium of a motion reinforced by affidavits, merit an answer by us. He has ably presented the view contrary to that which we recognized as correct in the Frederick Hart case, supra, and to which we adhere. It seems to us that the Federal Rules of Civil Procedure, 28 U.S.C.A., were designed to facilitate correlation, and not duplication, between the pre-trial and trial proceedings. If the truth or falsity of allegations in pleadings may be adjudicated in advance of a trial through the technique of filing affidavits, it is to be expected that eventually the courts will have to develop pre-pre-trial procedures; for pre-trial proceedings such as those favored by the court below are likely to inspire all too many carefully-drafted written statements escaping the clarifying processes of cross-examination and delaying prompt disposition of cases. We are satisfied that pre-trial proceedings are intended to determine what the issues are, and not to invade the trial function of resolving those issues. The rule limiting the scope of motions to strike pleadings as sham, as exemplified in Bates v. Clark, 1877, 95 U.S. 204, 205-206, 24 L. Ed. 471, is, we think, a salutary one which Rule 11 of the Federal Rules of Civil Procedure reflected rather than altered. Consequently, we reiterate the position we expressed in the Frederick Hart opinion. See Andrews v. Heinzman, D.C.Neb.1949, 9 F.R.D. 7, 9.

We proceed, then, to the question whether, under the circumstances here presented, we can say as a matter of law that Reynolds is entitled to the relief requested, for, as we have stated, Reynolds affirmatively has asked that we review the material before us as though it had been adduced at a trial on the merits. We hold that the district judge did not commit reversible error.

■ Whether Reynolds or Metals Disintegrating was the father of the idea that the price of the dry powder be fixed cannot be definitely ascertained from the record before us. The conclusion of the court below that the parties collaborated in inserting that provision in the agreement, however, is amply supported by the evidence; and it is not inapposite to note that several years elapsed between the handing down of the Ethyl Gasoline Corp. v. United States decision, 1940, 309 U.S. 436, 60 S.Ct. 618, 84 L.Ed. 852, and the questioning of the price-fixing provision by the undoubtedly competent legal staff of Reynolds. We are not disposed to challenge the finding that the litigants at bar are in pari delicto.

It necessarily follows that the relief here requested by Reynolds cannot be granted. The law of New Jersey is perfectly clear that, with exceptions not here pertinent,[1] the courts will not assist either party to an illegal contract, but will leave them where it finds them. See Restatement, Contracts (1932 ed.), Ch. 18, Topic 12, particularly § 598 and New Jersey annotations thereto, cited in Carhart v. Lapetina, 1948, 137 N.J.L. 531, 61 A.2d 49. Reynolds admits having rejected an amendment of the license which would have eliminated the illegal provision, because Reynolds thought some adjustment of past royalty payments should also be made; we fail to see any cogent public interest that the courts be used as a vehicle for permitting Reynolds to recover such payments made pursuant to a contract inimical to the spirit of legislation for public protection, when in fact Reynolds received that for which it contracted and when the evidence

---

[1] The exception on which Reynolds has placed reliance is that enunciated in McCarter v. Firemen's Ins. Co., 1909, 74 N.J.Eq. 372, 389, 73 A. 80, 87, 414, 29 L.R.A.,N.S., 1194, 135 Am.St.Rep. 708, 18 Ann.Cas. 1048, and Cameron v. International Alliance, etc., 1935, 118 N.J.Eq. 11, 20, 176 A. 692, 697, 97 A.L.R. 594.

The latter and other similar cases are cited at § 601 of the New Jersey Annotations. Refusal to rescind the license under consideration was not shown by Reynolds, other than by bare allegation, to be likely to produce a harmful effect upon the public.

of negotiations indicates that Reynolds, rather than being squeezed by economic compulsion, has maintained a vigorous bargaining position.

Without detailing other factual conclusions of the court below, the reversal of which would be necessary for Reynolds to prevail upon this appeal, we need only state that our examination of the record persuades us that Reynolds has failed to prove its case. The judgment of the district court on the record before it was correct and will be affirmed.