**UNITED STATES v. SABATINO.**
Civ. No. 252–49.

United States District Court
D. New Jersey.
April 17, 1950.

Joseph Stein, Sylvan D. Freeman, New York City, by Max W. Meisner, Newark,

N. J., and Emory Gardiner, New York City, of counsel, attorney for plaintiff.

Louis J. Venezio, Elizabeth, N. J., attorney for defendant.

FAKE, Chief Judge.

■ The record in this case presents a confused situation. The complaint alleges that the defendant made rent charges in excess of the legal limitation. Defendant answering admits it and then in the same answer denies it. Defendant was called upon to make certain admissions under Federal Rules of Civil Procedure, rule 36, 28 U.S. C.A. No answers were given within time or otherwise, hence the admissions are conceded.

■ The Government seeks treble damages and also an amount for restitution. The awarding of restitution rests in the discretion of the Court, as pointed out by Mr. Justice Murphy in Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332. The court has nothing before it here upon which to predicate the amount thus to be considered save only the cold record above outlined, and the following from defendant's answer: "Defendant states further that any excess rents as alleged in the complaint was voluntarily paid to the defendant in consideration of the defendant having made extra repairs to the apartment of Russel Burt, at his instance and request."

While it may be true that the foregoing quoted language does not amount to a legal defense, it does raise a question bearing upon the wilfulness of the defendant's actions and the extent of his culpability. This is, in part, an equity proceeding, and in all equity suits the object of the Chancellor, sitting as a keeper of the Government's conscience, is to "correct that wherein the law by reason of its universality is deficient."

So here I would like to know exactly what the defendant did in agreement with the tenant; how much it amounted to in money, and whether or not the defendant and the tenant actually knew they were violating the law at the time, and whether or not either of them sought legal advice before entering upon the agreement. Sitting in equity I cannot bring myself to an arbitrary conclusion awarding restitution which, as has been said, rests in the sound discretion of the court. There is nothing before me indicating the total revenues of the property, the carrying charges against it or depreciation. These factors would have a proper bearing in awarding restitution as approached from an equitable standpoint.

■ The prayer for an injunction herein is so sweeping as to cover every conceivable violation of the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq., extending from excessive rents to failure to supply heat, light, gas, hot water and janitor services. The only factor here, bearing on all these things, is constructive admission of a rent overcharge because of a failure to answer a demand for admissions. In Woods, Expediter v. Folis, 180 F. 2d 4, in this Circuit, Judge Goodrich points out the impropriety of granting such sweeping relief in the absence of proof. Surely this court must have more proof than appears on this record before granting any equitable relief whatever.

The motion for a mandatory judgment is denied and the case will be set down for trial to the end that all pertinent facts be brought to the attention of the Court. In the light thereof the question of treble damages may also be considered.