ond cause of action were absent, it appears that admiralty procedure would be, nevertheless, applicable.

"There is no dearth of example of the obligation on law courts which attempt to enforce substantive rights arising from admiralty law to do so in a manner conforming to admiralty practice." Garrett v. Moore-McCormack Co., 317 U.S. 239, at page 243, 63 S.Ct. 246, at page 250, 87 L.Ed. 239.

Accordingly, the exceptions are sustained, but without prejudice to a proper application by the defendant for leave to propound interrogatories to the plaintiff.

Settle order.

FAKE, Chief Judge.

This is a motion for summary judgment under Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A.

The record here discloses issues of fact controverted by the answer.

The affidavits cannot be read as to their truth when directed to the well-pleaded allegations in either the complaint or the answer. See Hart & Co. v. Recordgraph, 3 Cir., 169 F.2d 580; Reynolds Metals v. Metals Disintegrating Co., D. C., 8 F.R.D. 349, affirmed 3 Cir., 176 F.2d 90.

As to the alleged admissions the Court is without sufficient proof to function on the subject of restitution. See my opinion in U. S. v. Sabatino, D. C., 10 F.R.D. 274.

The motion for summary judgment is in all things denied.

## UNITED STATES v. BERNAUER.
### Civ. 576–49.

United States District Court
D. New Jersey.
April 17, 1950.

Joseph Stein, Office of Housing Expediter, New York City, for plaintiff, Max W. Meisner, Newark, N. Y., and Emory Gardiner, New York City, of counsel.

Nicholas W. Kaiser, Newark, N. J., for defendant.

## KNIGHT–MORLEY CORPORATION et al. v. ELECTROLINE MFG. CO. et al.
### Civ. No. 26503.

United States District Court
N. D. Ohio, E. D.
Feb. 21, 1950.

On Motion for Production May 1, 1950.

