Autenrieth & Rochester, by William T. Osborne, Newark, N. J., for defendant.

### WILDLIFE PRESERVES, Inc. v. ALGONQUIN GAS TRANSMISSION CO.

Civ. A. No. 863-52.

United States District Court
D. New Jersey.

June 19, 1953.

HARTSHORNE, District Judge.

In this removed case plaintiff sues defendant in ejectment. Defendant has moved for summary judgment.

While the complaint alleges title in plaintiff, and this title is denied in the answer, thus creating an apparent issue, plaintiff's counsel admits that plaintiff has no title to the property in question.

It is elementary that a plaintiff in ejectment must recover on the strength of his own title. Egan v. LaFera Contracting Co., 1948, 136 N.J.L. 566, 57 A.2d 484; 18 Am.Jur., Ejectment, Sec. 20. Thus palpably, "there is no genuine issue as to" the fact essential for plaintiff to recover. F.R. C.P. 56(c), 28 U.S.C.A. To such a situation the summary judgment principle laid down by Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580 and Reynolds Metals Co. v. Metals Disintigrating Co., 3 Cir., 1949, 176 F.2d 90, has no application. In such a situation defendant's motion should be granted.

Faced with this situation, plaintiff now moves to amend its complaint "to include a count for reformation of the lease heretofore entered into by plaintiff with Stephen H. Condit (who had no title to the property in question, but was plaintiff's alleged source of title), and to make Stephen H. Condit and Estelle Condit (who had title

to the property in question) parties defendant * * *." However, regardless of the technical question of the right to reformation under the facts in the case, and the right to add this count to a complaint against the present defendant on a matter with which it is not concerned, the granting of such motion would of itself require this Court to dismiss the cause, for lack of complete diversity of citizenship. 28 U.S.C.A. § 1332; 3 Moore's Federal Practice 2116. For both Condits are New Jersey citizens, and this Court would then have before it a suit by a New Jersey citizen, plaintiff Wildlife Preserves, Inc., a corporation of the State of New Jersey, against two New Jersey defendants, as well as against present defendant.

Since this Court would then be compelled to dismiss the complaint for such reason, this motion should not be granted. F.R.C.P. 19(b). For the Condits, at any rate, are not indispensable parties, i. e., parties whose interests in the subject matter are such that the Court cannot proceed to adjudicate as to the rights of the present parties. United Lacquer Mfg. Corp. v. Maas & Waldstein Company, D.C.N.J.1953, 111 F.Supp. 139.

But, as indicated before, this Court then finds itself faced with a simple ejectment suit, with diversity of citizenship, but where plaintiff has no title nor right to immediate possession in the land in question.

The complaint herein will accordingly be dismissed.