## LOUIS STERN SONS, Inc. v. ADOLF GOBEL, Inc.

Civil Action No. 398–53.

United States District Court
D. New Jersey.

July 17, 1953.

John D. Craven, Jersey City, N. J., for plaintiff.

Bernard A. Schwarz, Union City, N. J., for defendant.

HARTSHORNE, District Judge.

In this removed case, plaintiff entered into a contract to sell a large quantity of tallow to defendant on a memorandum of sale which, under its "Remarks", provided

"If at any time during the life of this contract the financial responsibility of the Buyer, in the opinion of the Seller, becomes unsatisfactory, cash payments before delivery or satisfac-

tory security may be demanded by the Seller and will be made by the Buyer and in default of such cash payment or satisfactory security, deliveries hereunder may be discontinued at the option of the Seller."

Plaintiff seller demanded payment of $15,000 before delivery under such clause, and in default of such payment now sues defendant buyer for damages for breach of contract. Plaintiff has moved for summary judgment therefor. R.F.C.P. 56, 28 U.S.C.

Defendant denies plaintiff's right to sue for breach of contract, claiming that the above clause entitled plaintiff seller, in the event of default, only to terminate the contract. In addition, by affidavit filed, defendant claimed that, at the time, it, the buyer, "was not * * * in financial difficulties." So that the seller had no right to make such demand, as his opinion must be, not an arbitrary, but a reasonable, one. This last claim of the buyer is, of course, the law. Corn Products Refining Co. v. Fasola, E. & A. 1920, 94 N.J.L. 181, 109 A. 505; James B. Berry's Sons Co. v. Monark Gasoline & Oil Co., 8 Cir., 1929, 32 F.2d 74. However, at the argument, this ground was abandoned. The summary judgment rule set forth in Frederick Hart & Co. v. Recordgraph, 3 Cir., 1948, 169 F.2d 580 and Reynolds Metals v. Metals Disintegrating Co., 3 Cir., 1949, 176 F.2d 90, is thus inapplicable.

The prime question is, as to whether the above quoted clause in the contract, giving the seller an option, gives him the right merely to cancel on the buyer's default, or, as well, to sue for damages for such default. Since the clause is one interposed for the benefit of the seller, and since normally the seller, upon the buyer's default in refusing to pay for the goods, would have the right to "maintain an action against him (the buyer) for damages for nonacceptance" Uniform Sales of Goods Act, N.J.S.A. 46:30–70(1), it would be anomalous to find that this clause, interposed for the seller's benefit, deprived him of a right.

And so run the authorities. In Berry, supra, substantially the same clause was construed in the sales contract there involved. As to the effect of such clause, the Court there said [32 F.2d 77]:

"It is faintly suggested that the plaintiff's sole right, in the event of a failure of the buyer to furnish cash or security was to cancel. The law is otherwise * * *. The defendant agreed to buy gasoline, and the plaintiff to sell it. The contract is valid, and cast the loss of a rising market on the plaintiff; defendant should stand the loss of a falling market, unless the claim of dissatisfaction with defendant's financial standing is false or arbitrary." See also Midland Linseed Products Co. v. Charles R. Sargent Co., 6 Cir., 1922, 281 F. 704.

Summary judgment will therefore go for plaintiff, the amount of same to be determined on the order.