10 U.S. 187
 6 Cranch 187
 3 L.Ed. 194
 KENNEDY
v.
BRENT.
 February Term, 1810
 
 1
 ERROR to the circuit court for the district of Columbia, sitting at Alexandria, in an action on the case by Kennedy against Brent, marshal of the district of Columbia, for the neglect of his deputy in not serving a subpoena in chancery, commonly called a chancery attachment, in due time, whereby the plaintiff lost his debt.
 
 
 2
 The declaration stated that one Johnston, who did not reside in the district of Columbia, was indebted to the plaintiff, a resident of Alexandria in that district, and that one Hampson was indebted to Johnston; that in order to subject the money in Hampson's hands to the payment of the debt due from Johnston, the plaintiff, on the 13th of December, 1804, filed his bill in chancery in the circuit court of the district for the county of Alexandria, and caused to be issued a subpoena in chancery against Johnston and Hampson to answer the bill, which subpoena was then and there delivered to the defendant's deputy to be executed: and was prosecuted with an intention that the debt due from Hampson to Johnston would be subjected to the payment of the debt due from Johnston to the plaintiff. Nevertheless, the defendant, by his said deputy, not regarding his office of marshal in the true execution thereof, but contriving and fraudulently intending to hinder the plaintiff of his proper remedy for the recovery of his debt aforesaid, did not serve the said subpoena in chancery upon the said Hampson within a reasonable time after receiving the same to be executed as aforesaid, but neglected to serve the said process, without any reasonable cause for so doing, for a long time, to wit, for the space of four months and upwards, by means of which said neglect the said defendant altogether lost the effect of his said suit in chancery against the said Johnston and Hampson as aforesaid, wherefore the plaintiff saith he is injured, and hath sustained damage, &c.
 
 
 3
 The defendant pleaded not guilty, and a verdict, by consent, was rendered for the plaintiff, subject to the opinion of the court upon a case agreed, which stated that on the 13th of December, 1804, the plaintiff filed his bill in chancery against Johnston and Hampson in the common form of a bill for a chancery attachment in Virginia. And that the clerk of the court, at the instance of the plaintiff, issued a process commonly called a chancery attachment, being a subpoena in the common form to answer a bill in chancery, upon which was the following endorsement, viz. 'Memorandum. The object of the bill this day filed in this case is to stay the moneys and effects of the defendant Johnston in the hands of the defendant Hampson, to satisfy a debt due from the defendant Johnston to the complainant.
 
 
 4
 (Signed) 'G. DENEALE.'
 
 
 5
 That this process, shortly after it was issued, was put into the hands of W. Fox, one of the defendant's deputies to be executed, and might have been served by him if he had endeavoured to have served the same, but it so happened that he did not serve the same, and that it afterwards got into, the hands of Lewis Summers, another of the defendant's deputies, who served the same on the 20th day of June, 1805, and made the following return thereupon: 'I received this attachment shortly after it issued, and delivered it to W. Fox, D. M. to serve, who shortly after left the town of Alexandria, leaving in the marshal's office two bundles of process, one marked 'process served,' and the other 'process not served.' In the first bundle was this subpoena in chancery. On or about May or June last I was informed it had not then been served. I then examined this process and found it without any endorsement, and took the earliest opportunity to inquire of Mr. Fox as to the service of the subpoena, who informed me he did not recollect having served it. I then, on the 20th of June, served the same on Bryan Hampson. The other defendant Johnston not found.
 
 
 6
 (Signed) 'L. SUMMERS, D. M.'
 
 
 7
 Whereupon it was agreed that the verdict should be subject to the opinion of the court upon the following questions:
 
 
 8
 '1. As the marshal by his deputy executed the process on the 20th of June, 1805, before the day appointed for the return thereof, and returned the same on the return day thereof, whether he was in law bound to have served the same, if in his power so to do, at any time previous to the said 20th of June, 1805, unless he was specially required by the plaintiff to serve the same, notwithstanding he received the same as marshal on the day on which the said process was issued.
 
 
 9
 '2. Whether the endorsement on the said process of subpoena would, after service thereof create any legal impediment to the payment of the money over to the said Johnston by the said Bryan Hampson, and would, in case of such payment after service, make the said Bryan Hampson personally liable for the amount so paid over.
 
 
 10
 'If the court should be of opinion that the said marshal was not bound to have served the said process, if in his power to do so at any time previous to the 20th of June, 1805, (unless he was specially required by the plaintiff to serve the same, notwithstanding he received the same as marshal on the day on which the said process issued,) then the judgment is to be rendered for the defendant.
 
 
 11
 'And if, under the circumstances mentioned in the second question, the court should be of opinion, that the said Bryan Hampson would not be personally liable for the amount so paid over, and that his not being personally liable would be sufficient to discharge the marshal from any liability in this case, then judgment is to be rendered for the defendant.
 
 
 12
 'But if both those questions are decided for the plaintiff, then judgment upon the verdict is to be rendered for him.'
 
 
 13
 The court below was of opinion that the statement of the case was not full enough to justify a verdict for the plaintiff, and directed judgment to be entered up for the defendant; whereupon the plaintiff brought his writ of error.
 
 
 14
 Swann, for plaintiff in error.
 
 
 15
 The marshal is bound to serve all process put into his hands for service, as soon as possible, and if he does not, he is liable, in a special action on the case, to any party who suffers any injury by his neglect. Bac. Abr. tit. Sheriff.
 
 
 16
 The service of the subpoena in this case would have bound Kennedy, and if he should pay over the money after service of the subpoena, he would do it at his peril. If there should be a decree against him he could not avoid it by showing that he paid away the money after notice. The decree would relate back to the time of notice.
 
 
 17
 E. F. Lee, contra.
 
 
 18
 The marshal is not bound to serve process as soon as he can by any possibility serve it, which was the principle which the court below was called upon, by the case stated, to sanction.
 
 
 19
 It is sufficient in such a case as this, if he serve it at any time before the return day. The endorsement is no part of the process. The marshal was not bound to serve that, or to give notice of it to the defendant. All that he was commanded to do was to summon the defendant to answer the bill according to the command of the subpoena. The endorsement was a mere private notice. It might have been served by any person, and would have been as obligatory upon Hampson as if served by the marshal. This was the opinion of Chancellor Wythe, in the case of Davis v. Fulton.
 
 February 28.
 
 20
 MARSHALL, Ch. J. delivered the opinion of the court to the following effect.
 
 
 21
 The questions intended to be submitted to the court were, 1st. Whether the marshal was bound to serve this process as soon as he reasonably could; and, 2. Whether the service of such process would have made Hampson liable in case he had paid over the money after such service. On these points the court has no doubt. But the case is imperfectly stated. It does not appear that the plaintiff has sustained any loss by the neglect of the officer to serve the process, and for this reason.
 
 
 22
 The judgment is affirmed.