**COMMONWEALTH FOR ASHBY vs. GILL.**

er person claimed it, may recover against his assignor, unless, by the contract, he agreed to *risk* the claim of such third person.

3. This court will not reverse and order a new trial of a case where the verdict of the jury, upon a question of fact, is authorized by the evidence.

4. Where two persons own different interests, one a third, another two thirds in the land called for in a bond for title, and unite in a joint assignment, they are jointly liable for the whole to the assignee.

---

## Commonwealth for Ashby *vs.* Gill.

Case 8.

1. All that the law requires of a sheriff in the service of process, is that, in good faith, he make reasonable efforts to execute the process. He is not bound to the utmost possible diligence to any one litigant, but duly to regard the interest of all who confide process to him to be served.

2. A party has no right to complain that the court corrected an instruction as moved by him, which was erroneous.

Judge Marshall delivered the opinion of the court.

This action was brought in the name of "the Commonwealth of Kentucky, who sues for the use and benefit of Evermont E. Barnes, who sues for the use of Mauzee Q. Ashby against Harrison Gill and others, upon the bond executed by Gill and others as his sureties, for the due performance of his office as sheriff of Bath county." The petition, after setting out the bond and condition, states in substance, that while Harrison was sheriff, &c., Barnes instituted an action against one Busby, upon a note for $238 27; that the summons in said action came to the hands of Francis W. Allen, then a deputy of said Gill, being directed to said sheriff, and returnable to the September term, 1850, of the Bath circuit court; that said deputy "did not well and truly execute said summons," whereby Barnes was delayed in obtaining judgment from the September term, 1850, to the March term, 1851, of said circuit court, during which time Busby became insolvent, whereby the said Barnes lost his said debt.

To this petition the defendants demurred, and also filed an answer in which they say—1st, that said F. W. Allen, deputy, &c., did well and truly execute said summons by returning it "not found," which was the true, proper and only return he could make—and 2d, that during greater part of the time while the said summons was in the hands of F. W. Allen, Busby was in the county of Bourbon; that his residence was ten or twelve miles from Owingsville, (the seat of justice of Bath county;) that said Allen went to his house but he was not at home, and then advised the attorney of Barnes to sue Busby in the county of Bourbon; that the return is true, and that said Allen used due diligence in attempting to serve the same. A demurrer to the answer was properly overruled, and the case was tried by a jury. The evidence authorized the jury to find, that during the whole time that the summons was in the hands of the officer, Busby was working in the county of Bourbon, except

Commonwealth<br>for Ashby<br>vs.<br>Gill.

June 15.

Case stated.

that on two or three occasions he came home after dark, and perhaps after bed time, on Saturday night, and left home about or before daylight on the Monday morning afterwards; and that the officer had, in fact, watched for him near his house at times when he was expected to come home, but without success; and although it is not directly proved that the officer had actually been to his residence, this fact might well have been inferred from the evidence. And, even if the jury might have found that the summons could' have been served by the use of reasonable diligence, yet, as they were authorized to find the facts above stated, which certainly constitute or prove reasonable efforts and due diligence in attempting to serve the process, their verdict for the defendants, approved as it was by the circuit court, cannot be disturbed, unless it may be presumed to have been infected by some erroneous or misleading opinion of the court in giving or refusing instructions, which we think was not the case.

The plaintiff asked the court to instruct the jury—

1. All that the law requires of a sheriff in the service of process is, that in good faith, he make reasonable efforts to execute the process. He is not bound to the utmost possible diligence to any one litigant, but duly to regard the interest of all who confide process to him to be served.

1st, that if the sheriff failed to execute the summons, they must find for the plaintiff such damages as was sustained thereby—and 2d, that if Busby lived in the county while the summons was in the sheriff's hands, then the defendant must prove satisfactorily that he could not execute the writ. The first of these propositions, would make the sheriff responsible for failing to execute the process, though it were physically or legally impossible to execute it. The other, allows of no excuse for failure, if it were barely possible to execute the summons. Each proposition is inadmissible, and was properly refused. All that is required from the sheriff in such cases, is, that he shall, in good faith, make a reasonable effort to execute the process. If he were required to use all possible efforts to execute a summons in one case, he might thereby loose the opportunity of executing every other process in his hands. He is to act in each case honestly and diligently, but with due regard to his duties to

all litigants and to the public. It is upon this principle that he is authorized to return "not found," if he go to the dwelling of the party and do not find him there. And these circumstances would excuse the non-execution of the process, unless it should be made to appear that he had a reasonable opportunity of executing it on some other occasion.

The court modified these propositions by adding to the first, the words, "unless they believe that Busby was absent from the county, or so kept out of the way, that the sheriff could not, in exercise of diligence and proper attention as an officer, execute such writ;" and by adding to the 2d, the words, "by the exercise of diligence and proper attention as an officer." With these additions, the propositions are correct, since they place the liability of the sheriff upon the question of proper diligence. And, although they present no definite information as to what would constitute proper diligence, they do not, and could not mislead the jury on that subject, but leave them as free to determine whether there had or had not been proper diligence in this case, as they would have been if there had been no instruction at all. If either party had asked for an instruction, containing a precise and correct definition of the sort or degree of diligence required in such a case, or presenting correctly the facts which would constitute or prove the proper diligence, or the want of it, the refusal to give such an instruction might have been an error, for which the party, prejudiced thereby, might have reversed the judgment against him. But the plaintiff has no right now to complain of the correction of his erroneous propositions, because of a want of particularity, which he did not require in the circuit court.

But the court did, in fact, instruct the jury, that "the diligence which the law requires of the sheriff, is a strict attention in good faith, to execute in due time, all process which may come to his hands." This gave to the jury a rule that they must be considered as capable of applying to the facts of the case, and

2. A party has no right to complain that the court corrected an instruction as moved by him, which was erroneous.

BUFORD           of which the plaintiff has no right to complain.   The
    vs.          third instruction asked for by the plaintiff—"that the
COMMONWEALTH     sheriff is responsible for the slightest neglect of duty,
                 such as failing to go to the house of Busby, and ma-
                 king inquiry (if he was absent,) as to the expected
                 time of his return," was properly overruled.   The ac-
                 tion is not for a false or improper return, but for a
                 failure to execute the summons.  And there might be
                 a reasonable excuse for such failure without the sher-
                 iff's going to Busby's house, or enquiring there when
                 he would be at home.

There is no error, therefore, to the prejudice of the plaintiff; and as there can be no reversal, we need not enquire whether the court erred to the prejudice of the defendants in overruling their demurrer to the petition.

Wherefore, the judgment is affirmed.

FARROW and PETERS for plaintiff; RAND for defendants.