**DEWEY v. CLARK.**

No. 10326.

United States Court of Appeals.
District of Columbia Circuit.

Argued Dec. 19, 1949.

Decided Feb. 6, 1950.

Mr. J. Grahame Walker, Washington, D. C., with whom Messrs. E. Hilton Jackson and John W. Jackson, Washington, D. C., were on the brief, for appellant.

Mr. Herman Miller, Washington, D. C., for appellee.

Before PRETTYMAN, FAHY, and BAZELON, Circuit Judges.

FAHY, Circuit Judge.

This is an appeal allowed pursuant to 11 D.C.Code § 773 (1940) from a decision of the Municipal Court of Appeals for the District of Columbia. The court below affirmed a summary judgment of the Landlord and Tenant Branch of the Municipal Court which awarded possession of an apartment to the appellee, the plaintiff. She claimed to be entitled to possession as owner and landlord, "under section 5 of the District of Columbia Emergency Rent Act,"[1] that is, she "desires the same in good faith for her immediate and personal use and occupancy as her residence." The appellant, who was the defendant, urges principally two grounds for reversal: first, jurisdiction to proceed was lacking because the service of summons was invalid; and, second, there was a genuine issue of a material fact as to the good faith desire of appellee for possession for her use and occupancy as her residence, which precluded summary judgment and entitled appellant to a trial.

1. Appearing specially in the Municipal Court appellant moved to quash the service as not in conformity with the requirements of the applicable statute. A supporting affidavit was filed with the motion. The facts in regard to service, found by the court and to the extent here stated not in dispute, are as follows: appellant was and had been for some years in residence in the apartment; the deputy marshal received copies of the summons for service on Friday, December 17, 1948; he endeavored to make service on the following day, the 18th, by first knocking on the door of the apartment; he obtained no response, left the building and returned again on Monday, December 20, 1948; he repeated the procedure of knocking on the door; there was still no response; he returned for the third time and for the third time knocked on the door; there was still no response, and he then securely fastened the two copies of the summons flat against the door. That afternoon, December 20, 1948, the appellant found the copies so fastened and received the same into his possession. The return

1. 45 D.C.Code § 1605 (1940).

made by the deputy marshal was that he had posted a copy of the summons on the premises, "the defendant not to be found and no person above the age of sixteen years to be found in possession of or residing on said premises."

We are of the opinion that the service was good. The provisions of the D.C.Code governing service in such a case read as follows:

*"Forcible entry and detainer—Service of summons.*

"The summons shall be served seven days, exclusive of Sundays and legal holidays, before the day fixed for the trial of the action. If the defendant has left the District of Columbia or can not be found, said summons may be served by delivering a copy thereof to the tenant, or by leaving the same with some person above the age of sixteen years residing on or in possession of the premises sought to be recovered, and if no one be in actual possession of said premises, or residing thereon, by posting a copy of said summons on the premises where it may be conveniently read." 11 D.C.Code § 736 (1940).

▆▆▆▆ This statute is unclear where, as in the present case, there is a tenant or other person in possession and residing on the premises in a general sense but such tenant or person cannot be found. We believe the deputy marshal properly construed his statutory authority in such a situation. He posted a copy on the premises where it could be conveniently read, since, as he stated in his return, the defendant was not to be found, and no person above the age of sixteen years was to be found in possession of or residing on the premises. He thus resolved the ambiguity by saying in effect that where the defendant was not to be found and where no one above "sixteen years" could be said to be in possession,

that is, in "actual possession" for purposes of service because such a person could not be found, service by posting was permissible. This in the end does no more than permit service by posting not only where the defendant himself cannot be found and no one above sixteen is in possession or residence, but also where one who in a legal sense may be in possession or residence also cannot be found. The "cannot be found" factor we believe permeates the statute to the extent of permitting such substitution for personal service on the tenant or person over sixteen residing on or in possession of the premises when neither of these latter can be found, as well as permitting in appropriate circumstances substitution for personal service on the defendant. The provision "if no one be in actual possession" or residing on the premises then service may be had by posting, grew no doubt from the assumption by Congress that ordinarily one in possession or residence could be found and served in person, particularly in an action for possession.[2] But when such assumption proves in a particular case to be inapplicable because such person too cannot be found the conditions which authorize service by posting arise. The statute can be given a reasonable and consistent construction throughout by reading it to provide that service shall be (1) on the defendant in person if he has not left the District of Columbia and can be found, (2) if he has left the District or cannot be found, by delivering a copy to the tenant or by leaving the same with some person over sixteen in possession of or residing on the premises, if there is a tenant or such person and either can be found; (3) if the defendant has left the District or cannot be found and no one above the age of sixteen can be found in actual possession or residing on the premises then no one is in "actual possession" or "residing thereon" and posting

---

2. We have noted the statement of the floor manager of H.R. 3290, 50th Congress, Mr. Hemphill, that the bill which first enacted this section into law "proposes to provide the means for summoning defendants who have absented themselves from the District. It is a mere matter of conforming the law upon this subject to the general laws prevailing elsewhere." 89 Cong.Rec. 1162 (1888). The purpose as thus stated in Mr. Hemphill's first sentence is not so limited in his second sentence or indeed by the full text of the legislation then pending. This is the only legislative history we have found bearing on the meaning of the statute. Though pertinent it is inconclusive.

is proper.[3] See Etelson v. Andre, decided by the court below, D.C.Mun.App. 1948, 61 A.2d 806, 808.

 This leaves for consideration the meaning of the statutory phrase "can not be found" and whether its requirements were met by the deputy marshal., Posting is to be substituted only if the defendant has left the District of Columbia or cannot be found and there is no tenant or person over the age of sixteen years in possession or residing on the premises who can be found. The absence of these conditions must be adequately ascertained as a condition to the validity of service by posting. The process server must be diligent and conscientious. Kennedy v. Brent, 1810, 6 Cranch 187; 3 L.Ed. 194; Guiterman v. Sharvey, 1891, 48 Minn. 183, 48 N.W. 780, 24 Am.St.Rep. 218; Commonwealth v. Gill, 1853, 14 B.Mon. 20, 53 Ky. 20. The facts of this case, already set forth, meet these requirements. We accordingly hold that the courts below correctly sustained the service and that the motion to quash was properly overruled.

2. The second contention of appellant is that a genuine issue of a material fact is presented, which, in view of his request for a jury trial, precluded summary judgment. We agree with this contention. 11 D.C. Code § 715 (1940) provides, among other things, that "in all actions for the recovery of possession of real property, either party may demand a trial by jury." Such demand was made. Rule 51 of the Rules of the Municipal Court of the District of Columbia, which for present purposes is like Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a party seeking to recover upon a claim, at any time after the pleading in answer has been served, may move with or without supporting affidavits for a summary judgment and that such judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In the present case there are pleadings, depositions and affidavits. We look to them to ascertain if there is a genuine issue as to any material fact. Appellee alleged that as owner and landlord of said apartment she desired the premises "in good faith for her immediate and personal use and occupancy as her residence." This was a material allegation under section 5 of the District of Columbia Emergency Rent Act, supra. Appellant answered, "plaintiff does not desire possession of said premises for her personal use and occupancy in good faith, as her residence. On the contrary, plaintiff recently purchased the apartment known as 2500 Massachusetts Avenue, N.W., in the District of Columbia, as a speculation, and plaintiff proposed to convert said building into a cooperative apartment building and has offered and is offering the premises involved herein for sale for the immediate and personal use and occupancy of a purchaser." Appellee filed thereafter an affidavit giving details in support of her desire in good faith for possession for personal use as her residence, her intention as to the use of the premises, her primary motive for the immediate and personal use thereof for herself and family; she stated reasons which made her requirement of possession more imperative than theretofore, including sale and delivery of premises previously owned by her, and made detailed statements as to the selection of the particular apartment, No. 6, in good faith, and as to conduct on her part never inconsistent with her desire for possession as stated. The affidavit further averred that she had discussed the conversion of the building on a cooperative basis but not such conversion of apartments Nos. 2 or 6, and that she attempted to offer defendants the sale of any other apartment than Nos. 2 and 6. The appellant, as defendant, also filed an affidavit, alleging on information and belief that the appellee had offered and is offering the apartments personally and through the media of prospectuses and other advertising matter for sale without the reservation of any specific apartment or apartments and that appellee solicited the

3. For the purposes of this statute, a person below the age of sixteen years does not come within the term "any one".

purchase of said apartments by the general public without the restriction or reservation of any particular apartment. The affidavit also stated that appellant was unable to learn names and addresses of persons thus solicited and that it would be necessary to take the deposition of appellee; that the premises contain eight apartments, that five are vacant and without tenants, that another, he is informed and believes, would be vacated about February 1, 1949, and that four of the vacant apartments, including the one about to be vacated, are identical in floor plan to apartment No. 6. The deposition of appellee was taken. She testified that five apartments were vacant, that she was occupying none of said apartments but was living at the Roosevelt Hotel, and that she had entered into an agreement for sale for two apartments Nos. 1 and 7. She identified the prospectus approved by her. A deposition was taken of appellee's real estate agent who corroborated appellee's testimony in some respects.

The situation thus disclosed is one of a genuine issue as to whether or not appellee sought in good faith the particular premises for her immediate and personal use and occupancy as her residence. This is a material factual issue. We disregard those portions of appellant's affidavit which are based on information and belief. They do not conform with Rule 51(d) of the Municipal Court for the purpose of determining whether there is a genuine issue of material fact, see Williams v. Kolb et al., 1944, 79 App.D.C. 253, 145 F.2d 344, though they may be used to support an application for the taking of a deposition. In reaching the conclusion stated we have considered the principles which should guide the court in administering the summary judgment procedure, with some special reference to a situation where, as here, the ultimate issue involves good faith and credibility.

In Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 64 S.Ct. 724, 728, 88 L.Ed. 967, the Supreme Court has spoken on the subject more fully than elsewhere. It said: "The Court of Appeals below heretofore has correctly noted that Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try. American Ins. Co. v. Gentile Bros. Co., [5 Cir.], 109 F.2d 732; Whitaker v. Coleman, [5 Cir.], 115 F.2d 305."

The court quoted from an earlier opinion in Sonnentheil v. Christian Moerlein Brewing Co., 1899, 172 U.S. 401, 408, 19 S.Ct. 233, 43 L.Ed. 492, to the effect that the interest of a witness in the result of a suit required the credibility of his testimony to be submitted to the jury. We do not deem this reference of the Court to credibility as necessarily precluding summary judgment whenever interest in the result may be said to make credibility a factor. But the reference is at least indicative of the restraint required in such a case. The Supreme Court also referred to the importance of cross-examination before a jury, a statement which gains in importance in the light of the dissent, in part on this ground, of Chief Justice Stone joined by Mr. Justice Reed.

The Supreme Court referred to the subject again in Associated Press v. United States, 1944, 326 U.S. 1, 65 S.Ct. 1416, 1418, 89 L.Ed. 2013. While it held summary judgment was properly granted, the Court said: "We agree that Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967."

In 1903, the Supreme Court passed upon the constitutionality of a Rule of the Supreme Court of the District of Columbia which was one of the numerous forerunners of the present summary judgment procedures.[4] The Rule authorized judgment for

---

4. For the history of the summary judgment procedure see Shientag, Summary Judgment, 4 Fordham L.Rev. 186 (1936); Report of the Advisory Committee on Rules for Civil Procedure, April 1937, pp. 95–96; Notes to the Rules of Civil Procedure for the District Courts of the United States as prepared under the direction of the Advisory Committee, March 1938, pp. 271–272.

plaintiff in certain types of actions where his declaration was accompanied by a supporting affidavit and defendant had failed to file an adequate affidavit of defense. The Court said: "The purpose of the rule is to preserve the courts from frivolous defenses, and to defeat attempts to use formal pleading as means to delay the recovery of just demands." Fidelity and Deposit Co. v. United States, to Use of Smoot, 1902, 187 U.S. 315, 23 S.Ct. 120, 122, 47 L. Ed. 194.

The rejected constitutional contention was that the Rule offended the guaranty of jury trial. This court in Miller v. Miller, 1941, 74 App.D.C. 216, 122 F.2d 209, 212, used similar words regarding the present Rule, "The purpose of this rule (56(c), F.R.C.P.) 'is to dispose of cases where there is no genuine issue of fact, even though an issue may be raised formally by the pleadings'". We there also said: "'The court is not authorized to try the issue, but is to determine whether there is an issue to be tried.'" We cited approvingly Whitaker v. Coleman, 5 Cir., 1940, 115 F.2d 305, 306. In that case the court said, "It must appear that there is no substantial evidence on it [the tendered issue], that is, either that the tendered evidence is in its nature too incredible to be accepted by reasonable minds, or that, conceding its truth, it is without legal probative force." The latter case was also approvingly cited in Sartor v. Arkansas Natural Gas Corp., supra.

In Williams v. Kolb et al., supra, the suit was to set aside a sale under a deed of trust securing a promissory note executed by plaintiff. The question was whether the trustee had sufficient interest in the note to invalidate the sale under the rule of Spruill v. Ballard, 1932, 61 App.D.C. 112, 58 F.2d 517. In his sworn pleadings defendant set out in great detail facts "showing that the holder of the note at the time of the sale was a purchaser and the trustee had no interest therein." Plaintiff relied upon general allegations in the complaint that the holder of the note was "'in fact and truth the agent, tool and straw of the trustee.'" This court said, per curiam, "Such general allegations were not sufficient on a motion for summary judgment to raise an issue of fact against the detailed statements sworn to by the defendants. They do not come within Rule 56(e) which provides that on a motion for summary judgment 'supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.' There was no genuine issue of fact disclosed by the record * * *.'"

A somewhat different light is cast by Wyant v. Crittenden, 1940, 72 App.D.C. 163, 113 F.2d 170, 174. The question was one of fact as to whether plaintiff or another owned a claim upon which the suit rested. This court said: "Whether it was the one or the other depends upon how the affidavits, taken together, are to be construed. If their combined effect is to be taken as meaning that plaintiff asserted and defendant denied that Abbaticchio in fact had reassigned the claim to the plaintiff before the present suit was instituted, obviously the issue was genuine, material and factual."

In Associates Discount Corporation v. Crow, 1940, 71 App.D.C. 336, 110 F.2d 126, 128, the procedure is commented upon as follows: "Rule 56 of the Rules of Civil Procedure contemplates that where there is 'no genuine issue as to any material fact' the trial court may make a full adjudication upon the pleadings, but that where 'material facts are actually and in good faith controverted' the court 'shall * * * make an order specifying the facts that appear without substantial controversy' and direct 'such further proceedings in the action as are just.'"

In Farrall et al. v. District of Columbia Amateur Athletic Union, 1946, 80 U.S.App. D.C. 396, 153 F.2d 647, 648, aside from stating the general rule, the court said: "There is a great difference between discovering whether there be an issue of fact and deciding such an issue. The affidavit can be used for the former purpose but not for the latter. Thus, if a fact be averred in the complaint and contradicted in the affidavit, the latter version cannot be accepted by the

court for the purposes of a motion to dismiss. On the other hand, of course, if the averment in the complaint is a mere conclusion or a vague generality without specification, and the affidavit asserts facts which are undisputed, and it thus appears that there is in truth no genuine issue of fact, the court may act upon that premise."

One more rather full statement is given, from Garrett Biblical Institute v. American University, 1947, 82 U.S.App.D.C. 263, 265, 163 F.2d 265, 267, paralleling somewhat the statement in Wyant v. Crittenden, supra: "While the statement of a mere legal conclusion will not suffice to raise an issue, we think that a general denial of an allegation of fact is sufficient to raise an issue and that this is so elementary that we decline to follow authority to the contrary in other jurisdictions. * * * And although appellant has made no offer to show the existence of evidence in support of its denial and defense, and there may be some doubt as to the existence of a defense, still much, if not all, of appellant's defense depends on a cross-examination of appellee's witnesses and an examination of appellee's documentary evidence, and we feel that since the defense is asserted in apparent good faith appellant is entitled to a trial which provides this opportunity to them. On the record as it stands, we cannot say that 'it is quite clear what the truth is.' "

The most recent decision of this court, Hunter v. Mitchell et al., 1950, 86 U.S. App.D.C. ——, 180 F.2d 763, involved the validity of a grading down of a veteran employed at the Philadelphia Navy Yard. It was claimed by the Government that the downgrading was due to an overall reorganization of a branch of the Navy and the reassignment of personnel, and not due to a reduction in force. Only in the latter event, it was contended, was the asserted preference under the Veterans Preference law applicable. The employee filed an affidavit to the effect that his downgrading was the result of a reduction in force which was purportedly responsible for any so-called reorganization plan. The motion of the Government for summary judgment was granted. This court reversed, quoting at some length from Sarnoff v. Ciaglia, 3 Cir.,

1947, 165 F.2d 167, 168, including the statement that doubts as to the existence of a genuine issue of a material fact must be resolved against the party moving for summary judgment. We also quoted approvingly from Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir., 1948, 169 F.2d 580, 581, to the effect that affidavits may be considered to ascertain whether an issue of fact is presented but they cannot be used as a brief to decide the fact issue. The court pointed out that it was not proper to say that appellee's version must be believed.

■■■■ Our study of the question makes the following points clear: (1) Factual issues are not to be tried or resolved by summary judgment procedure; only the existence of a genuine and material factual issue is to be determined. Once it is determined that there is such an issue summary judgment may not be granted; (2) In making this determination doubts (of course the doubts are not fanciful) are to be resolved against the granting of summary judgment; (3) There may be no genuine issue even though there is a formal issue. Neither a purely formal denial nor, in every case, general allegations, defeat summary judgment. On this point the cases decided by this court must rest on their own facts rather than upon a rigid rule that an assertion and a denial always preclude the granting of summary judgment. Those cases stand for the proposition that formalism is not a substitute for the necessity of a real or genuine issue. Whether the situation falls into the category of formalism or genuineness cannot be decided in the abstract; (4) If conflict appears as to a material fact the summary procedure does not apply unless the evidence on one or the other hand is too incredible to be accepted by reasonable minds or is without legal probative force even if true; (5) To support summary judgment the situation must justify a directed verdict insofar as the facts are concerned.

■■■■ The present case presents a problem which calls for special consideration. Good faith in seeking possession for herself is asserted by appellee, the landlord, and denied by appellant, the tenant. The crucial issue is whether or not appellee

seeks possession of the apartment in good faith for her immediate and personal use and occupancy as her residence. This must be deemed an issue of fact within the meaning of Rule 51. It is not an ordinary factual issue since it involves the state of mind or motives of the landlord rather than the ascertainment of a fact in the ordinary sense. It may be described as an issue as to the integrity of the landlord in asserting that she seeks the premises for the reasons given by her. The Municipal Court of Appeals in Olessoff v. Osbourn, 1946, 47 A.2d 514, 515, has said on this general question: "When there is substantial evidence challenging the good faith of the landlord a question of fact is raised for determination by the jury or trial court."

See also Resnick v. Hammond, D.C. Mun.App. 1948, 61 A.2d 495. In both cases the court held for the landlord but we read them as holding that the issue of good faith is one of fact. The question was discussed at some length in Hatfield v. Barnes, 1946, 115 Colo. 30, 168 P.2d 552, 553, decided by the Supreme Court of Colorado. Possession was sought under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., which contains provisions like those here involved. The court said: "The issue of good or bad faith is ordinarily a question of fact for the jury. Sviggum v. Phillips, 217 Minn. 586, 15 N.W.2d 109; Bauer v. Neuzil, 66 Cal.App.2d Supp. 1020, 152 P.2d 47. Particularly on such issues as good faith, intent, and purpose, the bald declaration of a party by affidavit is not sufficient to resolve the issue in the face of a pleaded denial."

The court referred to the right of a defendant in his proof to rely upon circumstantial evidence as well as positive testimony of witnesses and the importance of cross-examination and full inquiry into the circumstances involved. The court cited Shaffer v. Bowes, 1943, D.C.Mun.App. 31 A.2d 690, for the proposition that the determination of good faith has been held dependent upon whether the plaintiff was actuated by caprice or malice or if he disclosed a reasonable basis for his demand for possession.

We advert to one additional case, Arnstein v. Porter, 1946, 154 F.2d 464, 470, decided by the United States Court of Appeals for the Second Circuit. The question was whether the defendant had plagiarized plaintiff's copyrighted musical work. On this factual issue access on the part of defendant to the compositions of the plaintiff became an important question, since the majority of the court found some similarity in the compositions of the defendant to those of the plaintiff alleged to have been copied or plagiarized. If there were access in addition the inference of plagiarism was permissible. Notwithstanding that the competing affidavits made the plaintiff's case in some respects seem improbable or "fantastic", the court thought that if after hearing the parties the jury should disbelieve the defendant's denials it could reasonably infer access, and from access could infer copying. The question of access thus largely depended upon credibility. The court thought that with credibility a vital factor plaintiff must not be deprived of cross-examination of the defendant. Under these circumstances, "we cannot now say— as we think we must say to sustain a summary judgment—that at the close of the trial the judge could properly direct a verdict."

In the case at bar the issue of good faith on the part of the landlord is not raised by a mere denial. The denial is accompanied by the other evidence which we have summarized. The assertions by the landlord of her good faith are also accompanied by much supporting evidence. While, therefore, we do not decide the case upon the proposition that a bare assertion and denial of good faith is sufficient to bar the application of Rule 51, the presence of the question of good faith as a crucial one should cause the court to hesitate more than ordinarily before concluding that it is in a position to deny a trial. Upon trial there will be the opportunity for cross-examination and the question of credibility will be left to the trier of the facts. Given the evidence we have set forth from the pleadings, depositions and affidavits, and the inferences which might be drawn therefrom,

together with the subjective character of the question of good faith, we believe that this issue is not so shadowy or unreal as to lack genuineness. Once this appears he who requests a trial is entitled to it. A directed verdict would not be proper.

3. Appellant also argues that the Municipal Court of Appeals erred in looking into the record of another case involving similar issues with regard to the same apartment house and the same landlord. Since we have found that the summary judgment was improperly granted, we do not reach this contention. Should there be further proceedings in this case, evidence taken in other trials is not to be considered unless properly admitted in evidence in the case on trial.

Reversed and remanded.