**ORVIS v. BRICKMAN et al.**

**Civil Action No. 5190–48.**

United States District Court

District of Columbia.

Feb. 14, 1951.

Smith W. Brookhart, Benjamin H. Dorsey, and Irving G. McCann, all of Washington, D. C., for plaintiff.

· Vernon E. West, Corporation Counsel, Oliver Gasch, Asst. Corporation Counsel, John F. Doyle, Asst. Corporation Counsel, and Welch, Daily & Welch, all of Washington, D. C., for defendants.

KEECH, District Judge.

This is a motion seeking a rehearing of the motion for summary judgment in fa-

vor of Doctor Sweeney, Superintendent of Gallinger Municipal Hospital, and Doctor Gilbert, head of the Psychiatric Department of the Hospital, defendants herein.

Plaintiff's action is for false arrest and false imprisonment. She named as defendants a police officer, the aforesaid doctors, and the members of the Commission on Mental Health. A motion to dismiss as to the members of the Commission has been granted.

The complaint charges Doctors Sweeney and Gilbert with false imprisonment, in the following language:

"3. On December 29th, 1947, plaintiff was unlawfully restrained by defendant, Jacob Brickman, and caused to be arrested, transported to and confined and restrained in Gallinger Municipal Hospital.

"4. Upon arrival at Gallinger Municipal Hospital, plaintiff was caused to be forcibly and unlawfully confined and restrained until January 3, 1948, in the Psychiatric Ward of said hospital by the defendants, Jacob Brickman, Dr. Zigmond M. Lebensohn, Dr. Robert T. Morse, Thomas Gillespie Walsh, Esquire, Dr. Alvin R. Sweeney and Dr. Joseph L. Gilbert."

In their answer defendants Sweeney and Gilbert deny the quoted conclusion of plaintiff that she was unlawfully confined, and assert that plaintiff was held at Gallinger pursuant to an order of commitment signed by Judge Proctor of this Court on December 29, 1947.

Subsequent to pre-trial hearing and signing of a pre-trial order which reiterated the above contentions, defendants Sweeney and Gilbert filed a motion for summary judgment, supported by an affidavit by each of them to the effect that he had no knowledge of the presence of plaintiff at Gallinger until after receipt of the order of the United States District Court formally ordering commitment for a period of thirty days or until discharged. This order was signed within a few hours after plaintiff's arrival at Gallinger.

At the time of the hearing on the motion for summary judgment, plaintiff had filed no affidavit attempting to refute or to challenge the affidavits of Doctor Sweeney and Doctor Gilbert that they were without knowledge of plaintiff's presence at the hospital from the time of her arrival until after the court's order of commitment had been received. Under this state of facts, the case as to these two defendants comes within the decision of the Court of Appeals in Zinkhan v. District of Columbia, 50 App. D.C. 312, 271 F. 542, where it was held that the superintendent of the hospital of the Washington Asylum and Jail was not liable for false imprisonment until he became cognizant of plaintiff's presence at the hospital. Although plaintiff alleges false imprisonment for the entire period from December 29 to January 3, the date she was released from Gallinger, it cannot seriously be contended that her confinement by the hospital authorities after receipt of the court order was unlawful. Accordingly, the motion for summary judgment was granted.

▮ Knowledge on the part of the defendants Sweeney and Gilbert of plaintiff's presence at the hospital prior to receipt of the court order committing her, is an essential element of plaintiff's case against them. A categorical disclaimer of such knowledge has been made by the defendants Sweeney and Gilbert in their affidavits, which remain unchallenged. Plaintiff's failure to file sworn statements disputing this material fact was doubtless born of the fact that she was without any knowledge on which to base a statement that either of the doctors did, in fact, know of her presence. In support of the motion to grant a rehearing on the motion for summary judgment, plaintiff for the first time filed opposing affidavits, her own and that of her cousin, each of which deal with the matter of plaintiff's detention but fail to touch upon the vital question whether defendants Sweeney and Gilbert learned of plaintiff's presence at the hospital prior to receipt of the court order. The court is thus constrained to hold that on the record there is no challenge even now of the crucial fact that the defendants Sweeney and Gilbert were without knowledge of plaintiff's presence until after the court order was received.

Plaintiff's chief contentions, both in her opposition to the motion for summary judgment and in her subsequent motion for rehearing, are that the affidavits of defendants state conclusions and are self-serving, that she is entitled to cross-examine defendants as to the facts on which their conclusions are based, and that their credibility is a question for the jury in the light of such cross-examination. Plaintiff further asserts that the facts are peculiarly within defendants' knowledge and unknown to her, and that her only method of testing the truth of defendants' affidavits is through cross-examination.

■ It is, of course, basic that a motion for summary judgment will not be granted where there is a genuine issue of fact, and that the court may penetrate the formalities of the pleadings in determining whether such fact issue exists. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766.

■ Here we have plaintiff's mere assertion that she was unlawfully detained by defendants, their (defendants') affidavits denying knowledge of her presence at the hospital until after receipt of the court order, and no denial in plaintiff's affidavit or that of her witness of the accuracy of defendants' statements. It is true that plaintiff's counsel in his opposition to the motion for summary judgment stated, "* * * plaintiff strenuously denies the conclusions asserted in defendants' affidavits;" but the affidavits subsequently filed by plaintiff do not support this statement, and such bare denial is not sufficient to withstand a motion for summary judgment supported by uncontroverted affidavits. Williams v. Kolb, 79 U.S.App.D.C. 253, 145 F.2d 344. I recognize that in the Kolb case the pleadings which set forth defendants' position stated the facts "in great detail," as contrasted to defendants' simple denial of knowledge in the instant case. However, the absence of knowledge is not such a fact as is susceptible of statement "in great detail."

In support of his argument that credibility of witnesses will not be determined on affidavit, counsel for plaintiff cites Arnstein v. Porter, 2 Cir., 154 F.2d 464, 471, where it is said, "where * * * credibility, including that of the defendant, is crucial, summary judgment becomes improper and a trial indispensable." The same decision further states that there are cases in which a trial would be farcical and cross-examination futile. In order for a defendant's credibility to be crucial, there must be a denial of the truth of his statement, which is not the fact here.

All the plaintiff has in this case is the hope that on cross-examination [I assume by calling them as hostile witnesses under Rule 43(b), Fed.Rules Civ.Proc. 28 U.S.C.A.] the defendants Sweeney and Gilbert will contradict their respective affidavits. This is purely speculative, and to permit trial on such basis would nullify the purpose of Rule 56, which provides summary judgment as a means of putting an end to useless and expensive litigation and permitting expeditious disposal of cases in which there is no genuine issue as to any material fact.

■ According to judicial pronouncements, the test for determining whether summary judgment should be granted is whether a motion for directed verdict should be granted if the same state of facts existed at the conclusion of plaintiff's case. Dewey v. Clark, supra.

On a record such as was before the court at the time of the hearing on defendant's motion for summary judgment—in fact as the record now stands—a motion for directed verdict would have to be granted. Indeed, it is even clearer from the record at this time that plaintiff cannot challenge the fact asserted by defendants Sweeney and Gilbert that they were without knowledge of plaintiff's presence at the hospital for the few hours prior to receipt of the court order, since neither plaintiff's affidavit nor that of her cousin states that the defendants had such knowledge—this notwithstanding the fact that the motion for summary judgment was granted after protracted argument as to the applicability of the Zinkhan decision, specifically since there was no showing that defendants had knowledge of plaintiff's presence prior to the order of commitment.

In further answer to plaintiff's contention that the facts are peculiarly within the defendants' knowledge and that her only opportunity of ascertaining such facts is by cross-examination of defendants at the trial, it should be pointed out that, although this case has been pending for over two years, plaintiff has made no effort to take advantage of the discovery procedure permitted under Rules 26 to 37, which would have given her ample opportunity to cross-examine the defendants under oath and to ascertain the facts within their knowledge.

Plaintiff's counsel has argued that the Zinkhan case is inapplicable to the case at bar, in that the statutes with reference to commitment of insane persons and the administrative organization of Gallinger Hospital have been amended since that decision. I do not find that the law has been so changed as to make the decision in the Zinkhan case inapplicable to the case at bar.

Plaintiff's counsel in his opposition to the motion for summary judgment and motion for rehearing has made other lengthy arguments, but they are not pertinent to the issue here involved.

For the foregoing reasons the motion for rehearing will be denied. Counsel will submit an appropriate order.