## UNITED STATES v. MIXON et al.
### No. 28485.

United States District Court
N. D. Ohio, E. D.
Nov. 21, 1951.

Don C. Miller, Cleveland, Ohio, for plaintiff.

Paul M. Perkins, Canton, Ohio, for defendants.

FREED, District Judge.

This is an action by the United States against George Mixon and Randolph Mixon to recover alleged rent overcharges.

Defendant, George Mixon, seeks his dismissal from this action by motion. By supporting affidavit this defendant states that he has not had control of the premises and has not controlled the rents which are claimed to have been excessive. He asserts that he holds a mere naked legal title and that codefendant Randolph Mixon, as owner of the equitable title, has received the rental income.

Although the motion is not so designated, defendant's reliance upon matters outside the pleadings brings it within Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., governing summary judgment procedure. Rule 12(b).

When affidavits are relied upon to demonstrate that an issue of fact formally raised by the pleadings is not a "genuine" issue, there must be compliance with Rule 56(e). The Court may enter summary judgment only upon a showing by competent evidence, admissible at trial, that a trial would necessarily result in a directed verdict for the moving party. If such showing is attempted to be made by affidavit, it must clearly negate the allegations of the complaint. To put it in the affirmative, there must be convincing proof that no factual issues remain for determination to resolve the question raised. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766, 772; Arnstein v. Porter, 2 Cir., 154 F.2d 464, 470.

Defendants' failure to comply with the full mandate of the rule necessarily requires that the motion be overruled. Un-

der the Rules, movant may file additional "affidavits to be supplemented or opposed by depositions or by further affidavits." And if that is done the instant motion may be renewed.

The motion, at this time, will be overruled.