Francis W. HILL, Jr., Plaintiff,

v.

BELLEVUE GARDENS II, INC., et al., Defendants.

Francis W. HILL, Jr., et al., Plaintiffs,

v.

BELLEVUE GARDENS, INC., et al., Defendants.

Civ. A. Nos. 3969–56, 3968–56.

United States District Court District of Columbia.

Nov. 17, 1958.

Ronald E. Madsen, Edmund D. Campbell, Washington, D. C., for plaintiffs.

John Lewis Kelley, Louis B. Arnold, Washington, D. C., for defendants.

TAMM, District Judge.

These cases are before the Court at this time upon six motions for summary judgment. In each of the two cases, the following defendants have moved for summary judgment: Kennedy-Chamberlin, Bellevue Gardens III, Inc., Bellevue Gardens IV, Inc., Bellevue Gardens, Inc., and J. Howard Hixson, Jr.

The Court has heard oral argument relating to these motions and has several times reviewed all of the pleadings, exhibits and depositions constituting the court files. The depositions are extensive, totaling almost 2,000 pages.

■ The plaintiffs in each suit are minority stockholders in the Bellevue II and Bellevue III corporations. In the Bellevue II corporation, the plaintiffs control 49 shares of the 100 shares of stock outstanding; while in Bellevue I corporation, they control 25% of the stock. The complaint in great detail charges that through interlocking directorates the other corporations and the individual defendants have and are pursuing a program whereby the proper revenues of the Bellevue I and Bellevue II corporations are improperly diverted into the financial structures of the other corporations. These diversions, the plaintiffs claim, are accomplished in a variety of enumerated fashions—all of which, the plaintiffs say, result in the ultimate loss of income or capital advantage to them. In addition, the plaintiffs claim that the defendant, J. Howard Hixson, Sr., holds one share of stock in Bellevue II corporation in trust for the plaintiffs. The implications of this allegation are obvious as to the management of the corporations.

■ The essential requirements necessary to sustain a motion for summary judgment are enumerated succinctly in the oft-quoted case of Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766. It is unnecessary here to re-enumerate these essentials. Suffice to say, a basic requirement essential to summary judgment is a complete absence of disputed issues of material fact. The defendants, of course, deny that there are disputed issues of material facts while the plaintiffs insist that the record is rich with illustrations of such disputed issues of material fact.

■ The allegations of the complaint are very broad. As indicated, the depositions are lengthy. The Court has observed in the depositions a substantial number of variations in the testimony of individual witnesses who, in answer to one question, give an answer which is in conflict, or variance, with an answer given at some other point in the deposition. The answers of individual witnesses to specific questions create inferences of varying shades and degrees, not only with reference to the immediate question asked but also with reference to the witnesses' answers to other questions. The Court, in order to rule upon the motions for summary judgment, would have to apply a variable standard of evaluation to the inferences—accepting some, rejecting some, and allocating to others a limited or broad acceptance. Obviously, such a procedure amounts, for practical purposes, to an evaluation of the testimony of each deponent with a resulting acceptance or rejection of only parts of his testimony. Such procedure is improper in a motion for summary judgment since it injects into the case an element which is not in the record, id est, an unidentified, variable evaluation of the credibility of the witnesses. Upon the record before it, the Court cannot, from the depositions, accept as admitted or established the facts which are a necessary preliminary to passing upon the legal rights or obligations of the litigants.

Because of the broadness of the plaintiffs' complaints and the probable lengthy trial resulting from the allegations in the case, it would be desirable, if possible, to dispose of this case on summary judgment. From its review of the pleadings, depositions and exhibits in the case, the Court seriously doubts that the plaintiffs will be able to sustain all of their allegations of irregularities against all of the defendants in the case. It does appear

that even though the plaintiffs establish by a preponderance of the evidence some of the allegations made, the legal impact will be limited to relatively few of the defendants.

 The Court, however, cannot act on motions for summary judgment upon any estimate of the mathematical probability of the merit or lack of merit in an individual paragraph of a complaint. The parties, and in this case, the plaintiffs are entitled to place before the trier of facts the evidence upon each point to determine whether that evidence meets the standard required for a verdict.

Based upon the reasons and reasoning set out above, the Court concludes that it must at this time deny the six motions for summary judgment.