### DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY, Plaintiff,

v.

### 40 PARCELS OF LAND IN SQUARES 325, 326, 351 AND 352 IN DISTRICT OF COLUMBIA, Mrs. Beatrice Kolker, et al., and Unknown Owners, Defendants.

### No. 15-58.

United States District Court
District of Columbia.

March 4, 1959.

Robert R. MacLeod and Anthony C. Liotta, Washington, D. C., for plaintiff.

Robert H. McNeill and Ralph A. Ricketts, Washington, D. C., for defendant.

SIRICA, District Judge.

On June 20, 1958, plaintiff, the District of Columbia Redevelopment Land Agency, filed a declaration of taking with respect to certain parcels of land in the southwest area of Washington. Defendant, Louisan (M) amer, the owner of Parcel 2557, being lot 809 in Square 325 improved by premises known as 1108 Virginia Avenue, S. W., filed her answer on August 29, 1958 challenging the validity of plaintiff's action. Basically, defendant argues that the taking of her land was not for a public purpose but was for a private use and that plaintiff acted in excess of its statutory authority.

In this proceeding, plaintiff has filed alternative motions either for judgment on the pleadings or to strike defendant's answer or for hearing and determination of the right to condemn or for summary judgment as to parcel 2557. The court has heard oral argument and has carefully considered the original and supplementary briefs filed by both sides. This matter will be treated as a motion by plaintiff for summary judgment.

The leading case in this jurisdiction dealing with the powers of Congress and of the agencies to which it has delegated authority to plan and carry out needed housing redevelopment within the District of Columbia is Berman v. Parker, 1954, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27. There the Supreme Court had occasion to rule on the validity of the District of Columbia Redevelopment Land Act of 1945 (60 Stat. 790, D.C. Code, 1951 Ed., §§ 5–701 to 5–719) from which plaintiff derives its authority. The Court upheld the District Court's dismissal of a suit to enjoin the condemnation of commercial property for urban housing redevelopment in the District and ruled that the above statute was a constitutional exercise of the police powers of Congress. The arguments of that property owner were practically the same as those urged by this defendant in her answer. It was there determined that the redevelopment of substandard housing and of blighted areas constitut-

ed a valid public purpose for which the power of eminent domain may be exercised. Once it becomes clear that the purpose falls within the scope of congressional authority, the Court stated, it follows that Congress has wide discretion in the choice of specific means to achieve that goal. Thus, the aid of private enterprise may be sought in order to redevelop a given area. In addition, urban renewal may be brought about on an area, rather than on a structure-by-structure basis, thus permitting the acquisition of all property within a given project area even if certain particular parcels may not be liable to be classified as substandard. The wisdom or accuracy of the decisions made by the agencies set up by Congress to accomplish urban renewal are, for the most part, beyond the scope of judicial review. As the Court said in the Berman case:

> "It is not for the courts to oversee the choice of the boundary line nor to sit in review on the size of a particular project area. Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch. * * *

> *       *       *       *       *       *

> "The rights of these property owners are satisfied when they receive that just compensation which the Fifth Amendment exacts as the price of the taking." Supra, 348 U.S. at pages 35–36, 75 S.Ct. at page 104.

These principles laid down by the Supreme Court with respect to the very agencies and statutes challenged by defendant here, pertain to the main issues raised in her answer. The redevelopment of areas in the southwest section of the District of Columbia obviously has a public purpose and the various plans and procedures used by plaintiff fall clearly within the reach of congressional and agency discretion.

■■ Furthermore, there exists no genuine issue as to any material fact. There seems to be no question as to what procedure the plaintiff followed or what terms were embodied in the various proposals, understandings or agreements questioned by defendant. The controversy here centers on the legal characterization to be applied to plaintiff's actions and thus solely involves matters of law. It is also essential that the issues be material and substantial rather than merely formal. "There may be no genuine issue even though there is a formal issue. Neither a purely formal denial nor, in every case, general allegations, defeat summary judgment." Dewey v. Clark, 1950, 86 U.S.App.D.C. 137, 143, 180 F.2d 766, 772.

In view of the principles stated above, and in the absence of any genuine issue of material fact, the court concludes that the plaintiff is entitled to judgment as a matter of law and its motion for summary judgment will be granted.

Counsel will present an appropriate order.