**PUROFIED DOWN PRODUCTS CORP.,**
Plaintiff,

v.

**TRAVELERS FIRE INSURANCE COM-
PANY, Defendant.**

United States District Court
S. D. New York.
March 11, 1959.

Irving L. Spanier, New York City, for plaintiff, Norman D. Levy, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant, Vincent L. Leibell, Jr., New York City, of counsel.

DAWSON, District Judge.

This is a motion by plaintiff for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. granting summary judgment in favor of plaintiff. The basic action is one by plaintiff corporation against a marine insurer to recover certain sums claimed to be due under the terms .of a policy of insurance issued by the defendant.

Plaintiff alleges that on or about the 16th day of July 1952 it shipped a certain cargo of feathers aboard the M/S Black Gull from Antwerp to New York and that said ship caught fire and plaintiff's goods, which were insured by de-

fendant against such loss, were totally destroyed.

It is further alleged that under the policy which defendant issued it undertook to pay the amount of the invoice of such loss plus certain other sums, such as freight charges, plus 10%.

Plaintiff further alleges that due notice was given of the loss of approximately $52,000 worth of the insured's merchandise, as well as $680.63 in certain shipping charges.

Thereafter, subsequent to the filing of the claim, plaintiff on a form supplied by defendant completed the information required and received and cashed a check for $52,000. Plaintiff alleges that defendant was obligated to pay, in addition, the freight costs, plus 10% of the loss.

Plaintiff on July 14, 1955 brought suit for the sum of $5,948.69.

Defendant contends that the goods when originally shipped were not in "good order and condition" and that the cashing of the $52,000 check by plaintiff was "in full and final payment of its claim." Defendant further claims that $52,000 was the maximum amount of insurance purchased.

The first issue which this Court must decide is whether there is an absence of factual questions, thereby allowing the granting of summary judgment.

 The function of a summary judgment is to avoid a useless trial; and a trial is not only useful but absolutely necessary where there is a genuine issue as to any material fact. In ruling on a motion for summary judgment the court's function is to determine whether such a genuine issue exists, not to resolve any existing factual issues. Caylor v. Virden, 8 Cir., 1955, 217 F.2d 739; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 471; Dewey v. Clark, 1950, 86 U.S.App.D.C. 137, 180 F.2d 766. Where there is even the slightest trace of a factual issue a trial must be ordered. Doehler Metal Furniture Co. v. United States, 2 Cir., 1945, 149 F.2d 130, 135. If there are any factual issues a motion for summary judgment must be denied. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464.

Defendant urges that there are factual issues which should prevent the granting of summary judgment. It is clear that there is at least one very definite factual issue as to whether the payment of $52,000 by the insurance company constituted a full and final payment of all claims and operates as a bar to the present action. This depends in part upon the understanding of the parties. This factual issue must, in any event, be tried. The case is now near the top of the trial calendar and can be tried in the near future. There is, therefore, no reason for attempting to grant summary judgment when a trial is necessary in any event. The motion is denied. So ordered.