Gertrude Owen **TULLER**, individually and as Executrix under the will of William Gordon Tuller, deceased, et al., Plaintiffs,

v.

**KONINKLIJKE LUCHTVAART MAAT-SCHAPPIJ N.V. KLM** Royal Dutch Airlines, Holland, Societe Anonyme Belge d'Exploitation De La Navigation Aerienne, and Lockheed Aircraft Corporation, Defendants.

Civ. A. No. 3543–55.

United States District Court
District of Columbia.

April 27, 1959.

Murdaugh Stuart Madden, Washington, D. C., for plaintiff.

Galiher & Stewart, Washington, D. C., for defendant KLM & Sabena.

Murray Preston, Washington, D. C., for defendant Lockheed.

McGUIRE, District Judge.

"The federal summary judgment proceedings is the most extensive of any jurisdiction in that it is equally available to plaintiffs and defendants and in all forms and kinds of civil actions. But the history of the development of this procedure shows that it is intended to permit 'a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there are no genuine issues of fact to be tried.' 3 Moore's Federal Practice 3175." Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469, 472.

The specific test as to whether or not summary judgment applies in a given case has been succinctly set forth in this jurisdiction in Dewey v. Clark, 1950, 86 App.D.C. 137, 143, 180 F.2d 766, 772:

"(1) Factual issues are not to be tried or resolved by summary judgment procedure; only the existence of a genuine and material factual issue is to be determined. Once it is determined that there is such an issue summary judgment may not be granted;

"(2) In making this determination doubts (of course the doubts are not fanciful) are to be resolved against the granting of summary judgment;

"(3) There may be no genuine issue even though there is a formal issue. Neither a purely formal denial, nor in every case, general allegations, defeat summary judgment. On this point the cases decided by this court must rest on their own facts rather than upon a rigid rule that an assertion and a denial always preclude the granting of summary judgment. Those cases stand for the proposition that formalism is not a substitute for the necessity of a real or genuine issue. Whether the situation falls into the category of formalism or genuineness cannot be decided in the abstract;

"(4) If conflict appears as to a material fact the summary procedure does not apply unless the evidence on one or the other hand is too incredible to be accepted by reasonable minds or is without legal probative force even if true;

"(5) To support summary judgment the situation must justify a directed verdict insofar as the facts are concerned."

The Court has read carefully the depositions of the witnesses Kesselman and Pitkin together with the other related documents upon which the plaintiff relies and solely so, as to the evidential picture which would be conveyed at the trial with reference to the allegations of negligence against the defendant Lockheed.

Applying, therefore, the tests alluded to above, it concludes that there are no genuine issues of fact to be tried and that, therefore, the motion for summary judgment should be and is granted.

Order accordingly.