**Annette Louise EADDY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5353.**

District of Columbia Court of Appeals.

Argued Nov. 2, 1970.

Decided Feb. 5, 1971.

Edward E. Schwab, Washington, D. C., for appellant.

Bobby B. Stafford, Kingstree, S. C., for appellee.

Before HOOD, Chief Judge, and GALLAGHER and PAIR, Associate Judges.

PER CURIAM:

This is an appeal from an order denying a motion to vacate a default judgment for possession of a unit occupied by appellant in a National Capital Housing Authority project due to nonpayment of rent.

The default judgment was entered on December 22, 1969. A writ of restitution was issued on March 23, 1970, and six days later appellant filed a motion to vacate the default judgment and quash the writ of restitution, accompanied by a verified answer to the complaint for possession. The eviction was stayed and a hearing was held on March 26, 1970.

At the hearing on the motion to vacate it developed [1] that the Deputy United States Marshal appeared at appellant's door one evening between 7:30 and 8:45 p. m. to make service and knocked on the door three times, with a wait of 10 or 15 seconds between knocks. There being no answer, the marshal "posted" the summons and complaint between the door and the door jamb at door knob level. At the conclusion of the marshal's testimony, and upon inquiry by the court, counsel for the defendant stated that if she were to take the stand she would testify (a) she was a leader of a rent strike among public housing tenants, (b) she did not receive or find the summons and complaint, and (c) she would detail alleged housing code violations. Whereupon, without receiving such testimony, the court heard oral argument of counsel and denied the motion to vacate the default judgment. Accrued and future rent was ordered to be deposited into the registry of the court pending appeal.

Appellant contends that the trial court abused its discretion in denying the motion to vacate the default judgment because a diligent effort was not made to obtain personal service prior to "posting",[2] as required by Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766 (1950), and because Bell v. Tsintolas Realty Co., D.C.Cir., 430 F.2d 474, 477 (1970), states that posting is a proper service only as a last resort. Furthermore, says appellant, she has set forth numerous grounds of defense in her verified answer. In the answer she alleged such defenses as housing violations and the failure to receive, or waive the right to receive, a valid notice-to-quit the premises.

We are unable to conclude that, as a result of counsel's representations, the court necessarily accepted as facts that appellant did not receive the summons and complaint and had no knowledge of the action until she received the writ of restitution. On the other hand, we think that in order to exercise properly its discretion under G.S.

---

1. The facts are contained in an approved "Statement of Proceedings and Evidence."

2. D.C.Code 1967, § 16–1502.

Civ.Rule 60(b) as to whether to vacate the default judgment,[3] it was incumbent upon the court to hear and assess the testimony of appellant. This was not done, though appellant was present in the courtroom and available for testimony.

Because of this unsatisfactory state of the record, we have no alternative but to vacate the order of the trial court denying the motion and remand for further proceedings on the motion to vacate the default judgment.

So ordered.

3. *See* Barr v. Rhea Radin Real Estate, Inc., D.C.App., 251 A.2d 634 (1969).