**IAVARONE v. DULLES, Secretary of State.**

**Civ. No. 1521.**

United States District Court
District of Columbia, Washington, D. C.
Division.

July 20, 1953.

Joseph J. Lyman, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Washington, D. C., Ross O'Donoghue and Robert M. Scott, Asst. U. S. Attys., Washington, D. C., for defendant.

933

MORRIS, District Judge.

 This is an action in which plaintiff seeks a judgment declaring that she is a citizen of the United States. Plaintiff was born in New York City on February 1, 1922, of alien Italian parents. At birth, therefore, she was a citizen of the United States by virtue of our Constitution, and a national of Italy by virtue of Italian parentage. On June 18, 1928, plaintiff's father became a naturalized citizen of the United States, and in 1931 she and her father returned to Italy, where they have since resided. It is conceded that plaintiff's father lost his naturalized American citizenship and reacquired his Italian citizenship by reason of his residence in Italy for two years.

The plaintiff has moved for summary judgment upon the ground that, being an American citizen by birth, she was not required to return to the United States and take up permanent residence therein in order to maintain her citizenship. Section 801(a), Title 8 U.S.C.A.

This is not a case of first impression as to the meaning of the statute here involved. The Government contends that the statute does require this plaintiff to return to the United States after reaching her majority within the period provided, and her failure to do so estops her from claiming American citizenship. The Government bases its contention upon the reasoning that the plaintiff, though born with dual citizenship, lost her Italian citizenship when her father acquired American citizenship by naturalization, and hence her duality of citizenship had ceased when her father, with whom she resided as a minor, reacquired Italian citizenship by residence in Italy. The argument runs that she acquired Italian citizenship at that time, and hence is a person required to make an election within the time provided by the statute, notwithstanding her American citizenship at birth.

 This Court is bound by the opinion of the Supreme Court in the case of Mandoli v. Acheson, 344 U.S. 133, 73 S.Ct. 135, 137, reversing a decision of the United States Court of Appeals for the District of Columbia, reported 92 U.S.App.D.C. 112, 193 F.2d 920. The United States Supreme Court, speaking through Mr. Justice Jackson, construed the Expatriation Act of March 2, 1907, 34 Stat. 1228, there involved, as limiting the presumption of expatriation from foreign residence to the case of naturalized, but not of native-born, citizens, and construed the Nationality Act of 1940, 8 U.S.C.A. § 501 et seq. which is here involved, as a continuation of that policy "not to subject a citizen by birth to the burden and hazard of election at majority." This decision has been followed by this Court in Gaudio v. Dulles, D.C., 110 F. Supp. 706. If there is to be a modification of the construction of this statute in this respect, it must be done by the Supreme Court before this Court can take any other view of the matter.

The motion for summary judgment will be granted.