John Foster DULLES, Secretary of State, Appellant,

v.

Marietta Grazzia Carmela IAVARONE, Appellee.

No. 12054.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 20, 1954.

Decided Dec. 16, 1954.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll, Asst. U. S. Atty., were on the brief, for appellant.

No appearance for appellee.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The Secretary of State appeals from an order of the District Court, 113 F.Supp. 932, declaring appellee, plaintiff in that

court,[1] to be a citizen of the United States. The order was entered on her motion under the summary judgment procedure of Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A.

Appellee's complaint was filed April 8, 1952. It alleges, and this is undisputed, that she was born in the Borough of Manhattan, New York, New York, February 1, 1922. During the proceedings in the District Court it also became undisputed that appellee's father acquired citizenship of the United States by naturalization on June 18, 1928, prior to which he had been a citizen of Italy, the country of his birth; and that the father and appellee returned to Italy in 1931 and continued to reside there for a period of more than two years thereafter. Furthermore, the record is barren of indication that after going to Italy in 1931, and prior to reaching the age of 23 years, appellee acquired permanent residence in the United States.[2]

The Secretary of State contends in substance that there was an unresolved genuine issue of material fact which precluded summary judgment in favor of appellee. See Rule 56(c), Fed.R.Civ.P.; Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766. In more detail he contends he should be permitted to prove factually certain provisions of Italian municipal law which, applied to the undisputed facts, resulted in appellee's loss of her Italian citizenship, acquired at birth under the law of Italy, when her father became naturalized as an American citizen in 1928. The Secretary claims it follows from this that she later lost her American citizenship under the provisions of the Nationality Act of 1940[3] by (1) reacquiring Italian citizenship by naturalization through the naturalization in Italy of her father, and (2) failing after reaching majority to acquire permanent residence in the United States before attaining the age of 23 years.[4]

For his position the Secretary of State relies upon Section 401(a) of the Nationality Act of 1940, n. 3, supra, which reads in part as follows:

"Article 9. He who has lost citizenship in pursuance of Articles 7 and 8, may reacquire it:
* * *
"(3) After two years of residence in the kingdom, if the loss of citizenship had been due to the acquisition of foreign citizenship.
* * *

"Article 12. Minor non-emancipated children of those who acquire or reacquire citizenship, become citizens, except in cases when, residing abroad, they retain the foreign citizenship, in conformity with the law of the state to which they belong. The child of a foreigner by birth, however, having become a citizen, may, within one year from the date when he becomes of age, or obtains the emancipation, declare his choice of the citizenship of his origin.

"Minor non-emancipated children of those who lose citizenship, become foreigners if they possess their residence in common with the parent who has *patria potestas*, or legal guardianship of them, and acquire the citizenship of the foreign country. * * *" Flournoy and Hudson, Nationality Laws (1929) Law of June 13, 1912, pp. 363–6.

1. Though plaintiff has not appeared in this court we are advised by counsel for the Secretary of State that she is now in this country, as a non-quota immigrant, under a visa issued pursuant to the second proviso of 8 U.S.C. § 1481(a) (1) (1952), 8 U.S.C.A. § 1481(a) (1).

2. Other facts which need not be reviewed in this opinion make out a justiciable controversy between the parties over the question of appellee's citizenship.

3. 54 Stat. 1137 et seq., as amended, 8 U.S.C. § 501 et seq. (1940), repealed by 66 Stat. 280 (1952). The fact of the Act's repeal in 1952, however, is not material in this case.

4. The Italian law which the Secretary of State desires to prove is said to read as follows:
"Article 1. One is a citizen by birth:
"(1) When his or her father is a citizen.
* * *
"Article 8. One loses citizenship:
"(1) When he of his own will acquires a foreign citizenship and establishes or has established his residence abroad.
* * *

"A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by:

"(a) Obtaining naturalization in a foreign state, either upon his own application or through the naturalization of a parent having legal custody of such person: *Provided, however,* That nationality shall not be lost as the result of the naturalization of a parent unless and until the child shall have attained the age of twenty-three years without acquiring permanent residence in the United States * * *." 8 U.S.C § 801(a) (1940) [5].

 We see no escape from the conclusion that the court below erred in holding appellee as matter of law to be a citizen of the United States; for under the quoted provisions of the Nationality Act of 1940 a minor who is a citizen of the United States by birth loses such citizenship by obtaining naturalization in a foreign country through the naturalization there of her father having legal custody of her and by failing thereafter and before reaching the age of 23 years to acquire permanent residence in the United States.[6] We point out, however, that to sustain his position it is essential for the Secretary to show not only that after losing his American citizenship appellee's father was naturalized in Italy and that appellee thereby acquired Italian naturalization derivatively, but also that appellee's father had legal custody of her at the time of his naturalization in Italy. All this is not clear from the present record; but the material facts are provable within the general allegations of the third defense set up in the Secretary's answer to the complaint, namely, "Plaintiff expatriated herself by failure to elect American citizenship within two years after reaching her majority, being a dual national by acquisition during her minority."

The court below thought that because of the Supreme Court's opinion in Mandoli v. Acheson, 344 U.S. 133, 137, 73 S.Ct. 135, 137, 97 L.Ed. 146,[7] a legal defense was not available to appellee's claim to citizenship, though the facts be assumed to be as the Secretary contends. The Mandoli case arose under the Expatriation Act of 1907, not now involved; but the opinion contains a statement that the policy of that Act limiting the presumption of expatriation by foreign residence to the case of a naturalized citizen was continued in the 1940 Act so as "not to subject a citizen by birth to the burden and hazard of election at majority." This statement had reference to one born a dual citizen of the United States and of a foreign country who held such dual citizenship continuously from birth without ever acquiring foreign naturalization. Mandoli was such a person and did not lose American citizenship by failing to make the election referred to by the Court. But the statement relied upon does not apply to one who, though a dual citizen at birth, later loses the foreign citizenship and subsequently reacquires it by obtaining naturalization in the foreign state. Contrary to the decision in Gaudio v. Dulles, D.C.D.C., 110 F.Supp. 706, which we think was incorrectly decided,[8] such person must thereafter acquire permanent residence in the United States within the time specified in Section 401(a) of the Nationality Act of 1940, 8 U.S.C. § 801 (a) (1940), supra, or suffer the loss of American citizenship by reason of those provisions.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

5. Repealed by 66 Stat. 280 (1952). For the corresponding provision of the present law, see 8 U.S.C. § 1481(a) (1) (1952), 8 U.S.C.A. § 1481(a) (1).

6. In certain instances not here involved, the Act allows an additional period of two years from its effective date within which to acquire permanent residence in the United States.

7. Reversing decision of this court reported at 90 U.S.App.D.C. 112, 193 F.2d 920.

8. Though the plaintiff in Gaudio was not a dual national from birth, as was plaintiff in the instant case, she did acquire a foreign naturalization after birth through the naturalization of her parents in Italy.