**Milton GORDON, Appellant,**

v.

**MIAMI NATIONAL BANK, a Corporation, Appellee.**

**No. 21507.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 21, 1968.

Decided Nov. 7, 1968.

Petition for Rehearing Denied
Dec. 19, 1968.

Mr. Thomas P. Smith, Hyattsville, Md., for appellant. Messrs. Karl G. Feissner and William L. Kaplan, Hyattsville, Md., were on the brief for appellant.

Mr. Samuel M. Shapiro, Wheaton, Md., with whom Mr. Theodore Kligman, Washington, D. C., was on the brief, for appellee.

Before DANAHER, WRIGHT and ROBINSON, Circuit Judges.

**PER CURIAM:**

Appellant Milton Gordon signed an agreement which on its face obliged him to pay the debt of Arban, Dublin, Inc. (the company) to appellee Miami National Bank. The bank sued Gordon in the United States District Court for the District of Columbia for $396,375, the amount of its unpaid Florida judgment against the company. Gordon's sole defense to the suit is that he was induced to sign the guaranty agreement by the promise that it would not be used unless three further co-guarantors were obtained, a condition which has not been fulfilled. He appeals from summary judgment granted in favor of the bank. We reverse and remand for further proceedings.

On July 18, 1967, the bank moved for summary judgment. As required by the rules of the District Court, it accompanied its motion with a statement of the material facts as to which it contended there was no substantial issue. These were: (1) that Gordon had "absolutely and unconditionally" guaranteed the company's obligations to the bank; (2) the bank's unpaid judgment against the company; and (3) its unsatisfied demand upon Gordon.

At this point, it was open to Gordon to oppose summary judgment by filing a statement alleging that his guaranty of the company's debt was either subject to an oral condition precedent, or had been obtained by fraud.[1] Had he then supported this claim by affidavit,[2] summary judgment could not have been rendered against him. Since *Pym v. Campbell*, 119 Eng.Rep. 903 (Q.B. 1856), it has been open to defendants in contract actions to show, by parol evidence, that written promises unconditional on their face were in fact subject to a condition precedent. *See generally* 3 A. CORBIN, CONTRACTS § 589 (1951). And of course it is always a defense that a promise has been obtained by fraud. Both of these claims would raise factual issues, including issues of credibility, to be resolved at trial, rather than upon summary judgment. FED.R.CIV.P., Rule 56(c); 6 J. MOORE, FEDERAL PRACTICE ¶ 56.11[1.—0] (2d ed. 1966); *Dewey v. Clark*, 86 U.S.App.D.C. 137, 143, 180 F.2d 766, 772 (1950).[3]

However, Gordon did not take this course. On July 24 he alleged that he was under federal indictment in Florida "for the same subject matter which is brought in this action," and that in order to answer the motion for summary judgment he would have to incriminate himself. He moved to stay the summary judgment proceedings until the conclusion of the criminal action in Florida. In the event his motion for a stay was denied, he requested an additional 30 days to oppose the summary judgment motion.

---

1. Such a statement is suggested by Rule 9(h) of the District Court which provides in pertinent part:

    "Any party opposing the motion [for summary judgment], may, not later than three days prior to the hearing, serve and file a concise 'statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated."

    The Rule further permits the District Court, in the absence of such a statement, to "assume that the facts as claimed by the moving party are admitted to exist without controversy." *See* Thompson v. Evening Star Newspaper Company, 129 U.S.App.D.C. 299, 394 F.2d 774 (1968).

2. Rule 56(e), FED.R.CIV.P., provides in pertinent part:

    " * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. * * * "

3. It is fundamental that on motion for summary judgment the courts must "look at the record * * * in the light most favorable to * * * the party opposing the motion." Poller v. Columbia Broadcasting System, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962).

The next curious sequence of events introduced into the case the confusion which now requires us to remand. On August 3, District Judge Waddy issued an order granting Gordon until September 11 to file opposition to the bank's motion for summary judgment. No reference was made to Gordon's request for a stay to the end of the criminal proceedings against him, but Judge Waddy's order will bear the construction that the request was denied, and the 30-day stay prayed for in the alternative was granted. Judge Waddy heard no oral argument before issuing this order, and apparently through clerical error the order was communicated to neither party in the case.[4]

On August 18, Gordon filed an extremely cursory opposition to the motion for summary judgment, simply incorporating by reference the arguments made in support of his motion to stay of a month earlier. He accompanied the opposition neither with the statement of facts in controversy suggested by Rule 9(h) of the District Court, nor with the affidavits suggested by Rule 56(e) and (f), FED.R.CIV.P. He apparently assumed that his motion to stay was still pending, and that he would have a further opportunity to support his opposition to summary judgment if the stay should be denied.

The docket next notes, on September 29, a stipulation extending the bank's time to oppose Gordon's motion for a stay of the summary judgment proceedings. The docket is devoid of any entry indicating when the case was set for hearing, or on which motions hearing was scheduled, but in any case a hearing was held before District Judge Sirica on October 20. In his opening statement, counsel for the bank indicated that in his view both the motion to stay and the motion for summary judgment itself were before the court. Gordon's counsel seems to have thought that only the motion to stay was being argued. Judge Sirica informed counsel for both sides for the first time of Judge Waddy's stay order of August 3.

A brief oral argument then ensued. Gordon's counsel took the position that for his client to spell out his fraud defense would provide evidence to support a conspiracy count in the indictment then pending in the Florida District Court. (The text of that indictment was referred to in the argument, but we have no indictment in the record before us.) The bank counsel took the position that the written agreement spoke for itself and that no connection had been shown between the Florida indictment and this contract action. Judge Sirica then granted the motion for summary judgment, with the following remarks:

" * * * I think the pleadings and documents are a matter of record, the judgment of the Florida court is he did sign the agreement, and I have considered all that and I think the motion for summary judgment should be granted. I can't see how he can prejudice himself."

Gordon moved for reconsideration of summary judgment, claiming surprise at the hearing of October 20, since he had thought that hearing involved only the motion for a stay. Judge Sirica then issued a formal order denying the motion for stay, granting summary judgment, and denying the motion for reconsideration.

■ Since nothing in the record indicates that Gordon had notice that the October 20 hearing was to consider the motion for summary judgment, we must reverse that judgment and remand for a further hearing on appellee's motion. We can have no assurance that Gordon was given full opportunity to avail himself of the provision of Rule 56(c) that

---

4. Though the docket entry for the August 3 order bears the notation "(N)" which normally indicates that notice has been sent to the parties, it appears from the transcript of the hearing of October 20 that neither party knew of the order, and that both parties believed the motion for stay of summary judgment proceedings to be still before the court.

"[t]he adverse party *prior to the day of hearing* may serve opposing affidavits." (Emphasis added.) Nor can we be sure that he had notice of the impending cut-off of his privilege under local District Court Rule 9(h) to *"not later than three days prior to the hearing,* serve and file a concise 'statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." (Emphasis added.)

The only motion properly before Judge Sirica on October 20 was one to stay the summary judgment proceedings. Both parties were aware that that issue was before the court. Nothing in the record indicates any error in Judge Sirica's denial of that motion. It is therefore affirmed.

Denial of stay of motion for summary judgment affirmed. Summary judgment reversed and remanded for further proceedings.

DANAHER, Circuit Judge (dissenting):

My colleagues correctly point out that the appellee Bank on July 18, 1967 had moved for summary judgment, supported by its statement of material facts as to which it contended there was no genuine issue. Then before the trial court were the original sworn complaint, supplemented by an exhibition of a certified copy of the judgment of the Florida court awarding the Bank $396,375 with interest. My colleagues say:

> At this point, it was open to Gordon to oppose summary judgment by filing a statement alleging that his guaranty of the company's debt was either subject to an oral condition precedent, or had been obtained by fraud. Had he then supported this claim by affidavit, summary judgment could not have been rendered against him.

So, my colleagues undertake to construct a course for opposition which, they correctly say, Gordon did not take. The "course" which he did pursue was knowingly adopted, indeed Gordon says that available to him was a single "substantive defense." He tells us on brief:

> Obviously, the Defendant's only method of avoiding Summary Judgment in this matter would have been to reveal under Oath the names of the three persons who were to have signed the Guarantee and upon doing this he would have provided a link in the chain of evidence needed in the prosecution of the criminal case.

I suggest once again that the "course" chosen by Gordon was purposeful, and his brief before us explains:

> Federal Rule 56 provides that a party must make some affirmative factual defense in opposition to an otherwise valid Motion for Summary Judgment, but it is submitted that when the only substantive defense available would necessitate the revelation of names of persons and that when the information itself, or information derived from the required Affidavit, would tend to incriminate the Defendant in a pending Federal criminal prosecution, the same rule that applies in Discovery should be applied to the required Affidavits. * * *

I have said enough to indicate the position [1] taken by Gordon and the reasons for his doing so. On July 24, 1967, he filed his motion to *stay* the pending motion for summary judgment but instead of granting that motion, Judge Waddy simply allowed [2] an extension of time within which Gordon might file his opposition to the pending motion.

Then, what did Gordon do? Did he file affidavits setting up such defenses as my colleagues have supplied? Did he

---

1. Interestingly enough, my colleagues afford him no ruling respecting his unsupported and on this record, unsupportable claim.

2. The docket entries and Judge Waddy's order as it appears in the record before us reflect the *action of the District Court* in giving notice to respective counsel of Judge Waddy's order of August 3, 1967.

suggest on the record ·as the District Court's Rule 9(h) requires a statement of genuine issues setting forth material facts? Quite the contrary; within the time allowed by Judge Waddy's order, Gordon on August 18, 1967 filed his pleading entitled "Opposition to Motion for Summary Judgment." My colleagues characterize that pleading as "an extremely cursory opposition to the motion for summary judgment." They correctly point out that he had "accompanied the opposition neither with the statement of facts in controversy suggested by Rule 9(h) of the District Court, nor with the affidavits suggested by Rule 56(e) and (f), FED.R.CIV.P."

My colleagues venture that Gordon "assumed" that he would have a further opportunity to support his opposition. The majority opinion so states notwithstanding Gordon's insistence above noted, that he had only one method of avoiding summary judgment and that for reasons advanced by him there was only one substantive defense available.

I see no point in going further into the ramifications of my disagreement from the action taken by the majority. The requested stay had been denied, but the time within which to file an opposition had been enlarged. An opposition in fact was filed, "extremely cursory" as my colleagues say, but that was because the appellant decided to make it so. Clearly he thought then as he has argued here, were he to assert his claimed defense, he would have had to do so under oath. Besides—but erroneously— he argues that in so pleading, he would have tended to incriminate himself in the Florida proceeding. So the opposition was insufficient on its face, and that is all there is to it as Judge Sirica

recognized.[3] The appellant should be required to abide the result brought about by his own choice not to comply with the rule in the first place. I would affirm the District Court's judgment.[4]

---

3. Judge Sirica on October 20, 1967 pointed out that Gordon had filed his opposition on August 18. Judge Sirica observed: You never answered the motion, simply said incorporated motion for stay; never did set forth what your defense was, although Judge Waddy ordered you to answer, you see. That is what I told you at the beginning.

4. *See* Thompson v. Evening Star Newspaper Company, 129 U.S.App.D.C. 299, 300 *and see* n. 7, 394 F.2d 774, 776–777 *and see* n. 7, cert. denied, 393 U.S. 884, 89 S.Ct. 194, 21 L.Ed.2d 160 (1968).