UNITED STATES of America,
Plaintiff and Appellee,

v.

HUB CITY VOLKSWAGEN, INC., et
al., Defendants.

Richard L. HOLTORF, Defendant, Third-
Party Plaintiff and Appellant,

v.

Theodore M. KEENEY, Third-Party
Defendant,

and

Wells Fargo Bank, National Association,
etc., Third-Party Defendant
and Appellee.

James v. ALLRED et al., Defendants,
Third-Party Plaintiffs and
Appellants,

v.

Theodore M. KEENEY, Third-Party
Defendant,

and

Wells Fargo Bank, National Association,
etc., Third-Party Defendant
and Appellee.

No. 77–3946.

United States Court of Appeals,
Ninth Circuit.

April 14, 1980.

As Amended on Denial of Rehearing
June 9, 1980.

John A. Sturgeon, Los Angeles, Cal., argued, for defendant, third-party plaintiff and appellant; Sidney I. Pilot, Los Angeles, Cal., on brief.

Stephen D. Peterson, Asst. U. S. Atty., Los Angeles, Cal., argued, for plaintiff and appellee; Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., on brief.

Before DUNIWAY, CHOY and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

In order to obtain a $150,000 Small Business Administration loan for Hub City Volkswagen, Inc., the appellants, five of Hub City's six shareholders and their spouses, signed unconditional personal guaranties for pro rata portions of the loan. In this appeal they challenge the district court's application of the parol evidence rule to prevent them from showing an oral condition precedent to the effectiveness of the personal loan guaranties. We reverse the district court's judgment.

In 1972 Wells Fargo Bank and Hub City entered into negotiations concerning an SBA guaranteed loan. Wells Fargo agreed to loan the corporation $150,000 in exchange for Hub City's promissory note and personal guaranties from its shareholders. One Hub City shareholder, Theodore M. Keeney, never executed a personal guaranty. Hub City defaulted on its note and the SBA filed suit against the personal guarantors. The guarantors answered the SBA complaint and filed third-party complaints against Wells Fargo and Keeney, the non-signing shareholder.[1]

In the district court appellants claimed that it had been their understanding based upon an oral agreement with Wells Fargo officials that the personal guaranties would not become effective until the bank had received guaranties signed by each of Hub City's shareholders. They alleged that none of them wished to be bound unless all of them signed guaranties and that they were told that the SBA required personal guaranties from all of the shareholders for the type of loan under discussion. The signing shareholders denied liability due to the failure of an oral condition precedent to the effectiveness of the guaranties. Relying on the same oral agreement, the guarantors also alleged that they had been fraudulent-ly induced to execute the guaranties. The district court applied the parol evidence rule in granting the SBA's motion for summary judgment and dismissing appellants' third-party complaints. The district court awarded the bank $3,260.00 for costs and attorney's fees because the guarantors' "actions placed in issue their liability on the guaranties," and the bank's defense "was, in effect, enforcement of the guarantors' liability."

■ Stripped of its numerous exceptions, the parol evidence rule generally prohibits the admission of extrinsic evidence to vary the terms of a written integrated contract.[2] *Masterson v. Sine*, 68 Cal.2d 222, 436 P.2d 561, 65 Cal.Rptr. 545 (1968); See Cal.Civ. Code § 1625; Corbin, *The Interpretation of Words and the Parol Evidence Rule*, 50 Cornell L.Q. 161 (1965). A party may, however, introduce extrinsic evidence in order to show either fraudulent inducement or that the written contract never became effective because it was contingent upon the happening of some future event. *United States v. Everett, Monte Cristo Hotel, Inc.*, 524 F.2d 127 (9th Cir. 1975); *Gordon v. Miami National Bank*, 406 F.2d 660 (D.C. Cir.1968); *Coast Bank v. Holmes*, 19 Cal. App.3d 581, 97 Cal.Rptr. 30 (1971):

[I]f the condition is that the contract is not to . . . take effect unless another signs as co-surety, it is a condition precedent and may be shown by parol. If the creditor has knowledge or notice of the condition precedent, the surety cannot be held unless the condition has been complied with.

J. Elder, Stearns on Suretyship § 7.18 (5th ed. 1951). Appellants contend that the district court erred in failing to recognize these exceptions to the parol evidence rule.

■ Wells Fargo and the SBA acknowledge these exceptions to the general rule,

1. The SBA also sought and received a judgment against Hub City, and that judgment has not been appealed.

2. Although there is some dispute among the parties concerning whether California or federal law should apply in this case, we need not make that determination since no one has sug-gested any meaningful distinction in the statement or interpretation of the parol evidence rule under California as opposed to federal law. See *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943); *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966).

but contend that the district court nevertheless properly applied the rule since parol evidence is inadmissible even for these two purposes if the written contract includes express language inconsistent with the alleged oral agreement. *Regus v. Gladstone Holmes, Inc.*, 207 Cal.App.2d 872, 25 Cal. Rptr. 25 (1962); *Glendale Fed. Sav. & Loan Ass'n. v. Marina View Heights Dev. Co.*, 66 Cal.App.3d 101, 135 Cal.Rptr. 802 (1977). The SBA also argues that it cannot be bound by an oral condition precedent about which it had no notice.

Wells Fargo and the SBA maintain that two separate provisions of the personal guaranties are directly inconsistent with the alleged oral agreement that none of the guaranties would become effective until guaranties were signed by all of Hub City's shareholders. Appellees emphasize, first, that each guaranty states that the guarantor "unconditionally guarantee[s]" the loan and, second, that the document authorized the bank to "release or substitute any one or more of the endorsers or guarantors." Appellees urge that the first clause is directly inconsistent with the alleged oral condition precedent because, by definition, the term "unconditionally" precludes such an agreement. Moreover, the release clause allowed Wells Fargo to reach precisely the same result simply by obtaining the signatures of all of the shareholders and then immediately releasing Keeney from any liability.

Neither of these two clauses, however, had any force until the guaranty became effective. If the guarantors are able to establish at trial that they did in fact have the alleged agreement with bank officials then neither of these two clauses ever became effective and neither is inconsistent with the oral condition precedent. *United States v. Everett Monte Cristo Hotel, Inc., supra; Gordon v. Miami National Bank, supra; State Bank of East Moline v. Cirivello*, 74 Ill.2d 426, 24 Ill.Dec. 839, 386 N.E.2d 43 (1978). If each guaranty had contained a clause stating that it would be binding regardless of whether the bank obtained similar guaranties from other individuals, the evidence of the oral agreement would have been properly excluded under the parol evidence rule. The guaranties in this case contained no such provision.

Wells Fargo and the SBA also contend that appellants could not have been harmed by the bank's failure to obtain Keeney's guaranty since each guarantor was only liable for a fixed, pro rata portion of the total loan. There is nothing in the record to suggest, however, that the reason for the alleged condition was solely to limit liability of the guarantors.

The guarantors may well have had other compelling personal and business reasons for hinging personal liability upon the willingness of each of their co-shareholders to incur similar liability. Appellees have not suggested either that it was beyond the authority of the Wells Fargo officers to enter into a conditional agreement or that such an agreement had to be in writing. The record contains some evidence to support the guarantors' assertion that they had this type of conditional agreement with the bank. As a result, the district court erred in disposing of this litigation prior to trial based upon a misapplication of the parol evidence rule.

■ As a matter of legal principle, we agree with the SBA's alternative suggestion that it should not be bound by an oral condition precedent of which it had no notice. *United States v. Everett Monte Cristo Hotel, Inc., supra*; J. Elder, Stearns on Suretyship, *supra*. In opposing the SBA's motion for summary judgment, however, the guarantors submitted affidavits creating a factual question as to the extent of the SBA's actual participation in the oral agreement. In fact, these affidavits contain the assertion that the SBA insisted that this type of loan could only be consummated if the bank obtained personal guaranties from each of Hub City's shareholders. This factual question concerning the SBA's participation and notice of the alleged oral condition precedent should have precluded an award of summary judgment.

In *United States v. Everett Monte Cristo Hotel, Inc., supra*, this Court considered a

similar set of facts. There we held that the trial court erred in refusing to consider evidence that "unconditional" personal guaranties were in fact contingent upon execution of similar guaranties by other individuals. The Court remanded the matter to the trial court for a determination as to the existence of such an agreement, the participation or knowledge of the SBA and the possibility that the signing guarantors waived the condition or were estopped to rely on the absence of the other signatures.

Upon remand in this case the district court should consider these points in addition to other questions raised in this litigation concerning damages and the possibility of various set-offs. We hold merely that the district court misapplied the parol evidence rule in refusing to consider appellants' evidence of an unsatisfied condition precedent to the effectiveness of the personal guaranties.

Reversed, including the award to the bank of costs and attorney's fees.